1  Lew Van Blois, Esq. (SBN 38912)
   Michael Gatto, Esq. (SBN 196474)
2  VAN BLOIS & ASSOCIATES
   7677 Oakport Street, Suite 565
3  Oakland, CA 94621
   Telephone: (510) 635-1284
4  Facsimile: (510) 635-1516

5  Steven L. Derby, Esq. (SBN 148372)
   Anthony E. Goldsmith, Esq. (SBN 125621)
6  DERBY McGUINNESS & GOLDSMITH LLP
   300 Lakeside Drive, Suite 1000
7  Oakland, CA  94612
   Telephone: (510) 987-8778
8  Facsimile: (510) 359-4419
   Email: info@dmglawfirm.com
9
   Attorney for Plaintiffs
10 PATRICIA AND PETER ZALES

11                    **UNITED STATES DISTRICT COURT**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13

| 14  PATRICIA ZALES AND PETER ZALES | CASE NO. |
|---|---|
| 15                   Plaintiffs, | Civil Rights |
| 16          v. | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| 17  SIMON PROPERTY GROUP, INC. a Delaware Corporation; MACY'S CALIFORNIA, INC. a Delaware Corporation and DOES 1-100, Inclusive, | 1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a), *et seq.*]** |
| 18 | 2. **Denial of Full and Equal Access [Cal. Civil Code §§ 54 And 54.1]** |
| 19                   Defendants. | 3. **Violation of § 51 of the California Civil Code** |
| 20 | 4. **Negligence Per Se –Violations of ADA and CBC** |
| 21 | 5. **Negligent Design and/or Construction** |
| 22 |  |
| 23 | DEMAND FOR JURY TRIAL |
| 24 |  |

25

26          Plaintiffs PATRICIA ZALES AND PETER ZALES (hereinafter referred to as

27 "Plaintiffs") complain of Defendants SIMON PROPERTY GROUP, INC. a Delaware

28 Corporation; MACY'S CALIFORNIA, INC., a Delaware Corporation, and DOES 1-100,

                                    1

1  inclusive, and each of them, (hereinafter collectively referred to as "Defendants") and allege as

2  follows:

3  **INTRODUCTION**

4      1.      This case involves the denial of accessible paths of travel, doors, and facilities to

5  Plaintiff PATRICIA ZALES, a qualified person with a disability, which were designed and/ or

6  constructed and/ or owned and/or operated and/or maintained and/or inspected and/or subject to

7  modifications and alterations by Defendants; Plaintiff was also subjected to and severely injured

8  by hazardous and inaccessible conditions created or allowed to exist by such Defendants in the

9  front door leading into Macy' Department Store located at 300 Stanford Shopping Center, Palo

10  Alto, California (hereinafter "Macy's") owned and/or operated by Defendants Macy's and Simon

11  Property Group, Inc.  Specifically, on **April 30, 2018**, Plaintiff struck by an entrance door at

12  Macy's. Plaintiff was pushed forward, fell and suffered serious personal injuries including a

13  fractured hip that required surgical repair. Additionally, Plaintiff is informed and believes, and

14  based thereon alleges, that there are other inaccessible facilities, features, elements, and

15  conditions on or near Stanford Shopping Center, located at 660 Stanford Shopping Center, Palo

16  Alto, California (hereinafter "The Property"), all of which prevent Plaintiff PATRICIA ZALES

17  from returning in violation of State and federal law, as well as posing a hazard to Plaintiff

18  PATRICIA ZALES and other similarly-situated persons.

19      2.      At all times herein mentioned, Plaintiff PATRICIA ZALES was and is a "person

20  with a disability" or "physically handicapped person," who is mobility impaired, and unable to

21  safely use portions of walkways, sidewalks, doors, and other public facilities that are not fully

22  accessible to physically disabled persons.

23      3.      Plaintiff PATRICIA ZALES seeks injunctive relief, recovery of damages for both

24  the personal injuries she incurred and the violation of her civil rights, and recovery of reasonable

25  attorney fees, litigation expenses, and costs.

26  **JURISDICTION AND VENUE**

27      4.      This Court has subject matter jurisdiction of this action, pursuant to:  (a) 28 USC

28  section 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the

2

1  "ADA"), 42 U.S.C. sections 12101 *et seq.*; (b) 28 U.S.C. section 1343(3) and (c) 28 U.S.C.

2  section 1367(a) for supplemental jurisdiction over attendant and related causes of action arising

3  from the same nucleus of facts and brought under California law, including, but not limited to,

4  violations of California Civil Code sections 51, 54, 54.1 and common law negligence.  This court

5  also has jurisdiction over Plaintiff' claims for declaratory or injunctive relief, pursuant to the

6  ADA, 28 U.S.C. section 2202 and Rule 65 of the Federal Rules of Civil Procedure, and State law

7  authorizing injunctive relief.

8       5.     Venue is proper in this court, pursuant to 28 U.S.C. section 1391(b)(2) and 28

9  U.S.C.  section 1391(c) (2) because the subject property is situated in this district and

10  consequently the injury to Plaintiff PATRICIA ZALES occurred in this District.

11  **PARTIES**

12       6.     Plaintiff PATRICIA ZALES is, and at all times relevant to this Complaint was, a

13  "physically disabled person" and a "person with disabilities," as these terms are used under

14  California law and under federal laws, including, but not limited to, the ADA.  The terms

15  "physically disabled person," "person with a disability," and a "person with disabilities" will be

16  used interchangeably throughout this Complaint.  Ms. Zales requires, the use of a cane, walker or

17  other mobility assistive device to ambulate outside her home, as well as for many daily activities

18  of living at home.

19       7.     Plaintiff PETER ZALES is and at all times relevant herein was the lawful wedded

20  spouse of Plaintiff PATRICIA ZALES and due to the severe nature of the injuries to his wife and

21  his own serious illness, Plaintiff PETER ZALES has suffered the loss of his wife's, comfort,

22  support, care, companionship and assistance with the family home among other losses to be

23  proven at trial.

24       8.     Defendant SIMON PROPERTY GROUP, INC. a Delaware Corporation is,

25  according to public records, the owner and operator of the Stanford Shopping Center located at

26  660 Stanford Shopping Center, Palo Alto, California.

27       9.     Defendant MACY'S CALIFORNIA, INC., a Delaware Corporation is, the owner

28  operator of the Macy's Department Store in the Stanford Shopping Center, located at 300

Stanford Shopping Center, Palo Alto, California and, on information and belief a tenant of Defendant SIMON PROPERTY GROUP, INC.

10.     Plaintiffs are presently unaware of the true names and capacities of those sued herein as DOE 1 through DOE 100 and therefore name such Defendants in this action by a fictitious name.  Plaintiffs will seek to amend this complaint to insert the true names and capacities of such fictitiously-named Defendants when ascertained together with such additional facts as have been ascertained.  Plaintiffs allege that each such fictitiously-named Defendant is in some manner legally responsible for the harms and losses alleged herein and answerable for some or all of the relief sought herein.

11.     Based on information and belief, Plaintiffs allege that all of the named Defendants and DOE Defendants (hereinafter "defendants") were negligent in connection with the manner in which they designed and/or constructed and/or modified and/or maintained and/or inspected and/or owned, and/or operated and/or exerted control over the design, construction, maintenance, inspection, or modification, and/or alteration of the area where Plaintiff PATRICIA ZALES was injured.

12.     Plaintiffs do not know the respective roles played by the Defendants with respect to the design, construction, modification, alteration, maintenance, or inspection of Macy's and The Property, and allege a joint venture and common enterprise by Defendants in the ownership and/or operation of The Property.

13.     Plaintiffs are informed and believe and on such basis allege that each of the Defendants herein is the agent, servant, employee, representative, joint venturer and/or common enterprise affiliate of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity or joint venture or common enterprise, and is responsible, in some manner, for the acts and omissions of the other Defendants in proximately and legally causing the damages complained of herein.

14.     Plaintiffs are informed and believe, and on such a basis allege, that each of the named Defendants and each of the fictitiously named Defendants are and all at times herein relevant were the alter ego of each of the other co-Defendants such that adherence to the fiction of

4

1    the separate existence of these certain defendants as an entity distinct from certain other

2    Defendants would permit an abuse of the corporate privilege and would sanction fraud and/or

3    promote injustice.

4           15.     This complaint is pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal

5    Rules of Civil Procedure.

6

7                **FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS**

8           16.     On April 30, 2018, Plaintiff PATRICIA ZALES went to Macy's with the intent to

9    patronize the store, browse goods for sale and potentially make purchases. Plaintiff was struck by

10   a door connecting the Macy's store to the common interior pathway connecting the Macy's store

11   to common paths of travel and accessible parking ("the door") which knocked her to the ground

12   fracturing her hip among other serious injuries.

13          17.     On information and belief, following the incident, an inspector for the City of Palo

14   Alto came to the scene, tested the door for compliance with applicable access standards including

15   Cal. Code of Regs. Title 24 (sometimes called the California Building Code "CBC"). Finding the

16   door did not comply with the CBC including but not limited to Chapter 11B, Section 404.2.8.1

17   the inspector ordered the door be removed or remediated.

18          18.     Plaintiffs are further informed and believe and thereon allege that the door was

19   taken out of service and replaced by Defendants.

20          19.     Before the door was removed and replaced, however, Plaintiffs' son was able to

21   return to the scene and photo document the condition of the door including the timing of the door

22   swing and the force of its swing which, on information and belief, did not comply with applicable

23   access regulations under state and federal law (including but not limited to those set forth above)

24   as well as 28 CFR Part 36, Sections 404.2.8.1 and 404.2.9.

25          20.     Plaintiff PATRICIA ZALES was taken by ambulance to the hospital for

26   emergency medical treatment. Physicians diagnosed a right subtrochanteric femoral fracture,

27   among other injuries. Plaintiff underwent open reduction and internal fixation with implantation

28   of hardware. Plaintiff remained hospitalized until stable to enter subacute rehabilitation. Next,

1   Plaintiff remained at subacute rehabilitation until safe to return to her residence. Plaintiff

2   continued to and continues to require attendant care. Plaintiff's rehabilitation is expected to take

3   approximately one year.

4       21.     On information and belief, Plaintiffs allege that Defendants designed, and/or

5   constructed, and/or modified, and/or maintained (or had a duty to maintain), and/or inspected,

6   and/or owned, and/or operated, and/or exerted control over the design, construction, maintenance,

7   inspection or modification of Macy's doors, The Property where Plaintiff PATRICIA ZALES

8   was injured or some portion thereof, or had a duty to do so.

9       22.     There were no signs that warned of the dangerous conditions that caused

10  Plaintiff's injuries, so as to provide Plaintiff adequate time to prepare for and/or avoid the

11  dangerous condition.

12      23.     Plaintiff PATRICIA ZALES sustained the injuries and losses described herein as

13  a result of the negligence and violation of disabled access and safety standards protecting disabled

14  persons and others by Defendants and their employees and/or agents and/or contractor(s) and/ or

15  subcontractors, and the acts and omissions of Defendants and their employees and/or agents

16  and/or contractors and/ or subcontractors were a substantial factor in causing Plaintiff' injuries

17  and other damages.

18      24.     As a result of the aforementioned incident, Plaintiff PATRICIA ZALES sustained

19  serious and permanent injuries to her body and mind.  Plaintiff has been compelled to incur

20  obligations for, *inter alia*, medical care, medicines, medical imaging, hospitalization, surgery, and

21  related care, as well as assistance with activities of daily living, and will, in the future, be

22  compelled to incur additional such obligations.

23      25.     Defendants have also forced Plaintiff PATRICIA ZALES to suffer (in addition to

24  the injuries and losses described herein), a denial of her civil rights, including the denial to her

25  right to full and equal access to The Property as a public accommodation all to Plaintiff's general,

26  special, and statutory damages.  Moreover, Plaintiff has been deterred from returning to The

27  Property due to the lack of safe doors and other access violations and thus continues to suffer

28  denial of her civil rights to full and equal access to The Property.  Plaintiff will continue to suffer

1    deterrence and deprivation of her civil rights until Defendants provide and maintain safe and

2    accessible doors, paths of travel and remedy the other access violations at The Property.

3         26.    On information and belief, Plaintiffs allege that at all relevant times herein

4    mentioned, Defendants had actual and/or constructive knowledge of the dangerous conditions and

5    the risk of injury of the type suffered by Plaintiff PATRICIA ZALES, with sufficient time to

6    eliminate the defects and dangers in question and failed to eliminate said defects and dangers.

7    The area where Plaintiff PATRICIA ZALES was injured, and its signing, configuration, and

8    construction, resulted from illegal, negligent, inadequate, and/or incomplete design, and/or

9    construction, and/or maintenance, and/or modification or alteration, and/or inspection, and/or

10   other unusual conditions, in conjunction with a lack of warnings.  Given what the Defendants

11   knew or should have known about the conditions of use, the area where Plaintiff PATRICIA

12   ZALES was injured constituted a trap for elderly, and disabled patrons, and exposed elderly and

13   disabled patrons, including Plaintiff, and others to a significant risk of being injured by the

14   dangerous conditions set forth above.  Though the dangerous conditions posed a special and

15   unique risk to the elderly and disabled, the conditions at the location where Plaintiff PATRICIA

16   ZALES was injured, were and remain so hazardous as to pose a danger to any member of the

17   general public when using the same entryway attempted by Plaintiff PATRICIA ZALES when

18   she was injured.

19        27.    As a direct and proximate result of each Defendant's acts and/or omissions as set

20   forth above, Plaintiff PATRICIA ZALES, sustained the following injuries and damages, past and

21   future, including, but not limited to:

22        a.   Economic damages, including, but not limited to, out of pocket expenses, and

23             ambulance, hospital, and medical expenses – past and future;

24        b.   Extreme physical pain and suffering;

25        c.   Permanent disabilities requiring ongoing medical care, rehabilitation, and

26             assistance with all activities of daily living, *inter alia;*

27        d.   Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of

28             liberty;

7

e.   Loss of enjoyment of life and pain and suffering;

f.   All other legally cognizable special and general damages;

g.   Violations and deprivations of state and federal disability rights; and

h.   All damages and penalties recoverable under California Civil Code §§ 51 and
54.1, California Code of Civil Procedure §1021.5 and as otherwise allowed under
California and United States statutes, codes, and common law.

**FIRST CLAIM**
**AGAINST DEFENDANTS**
**(By Plaintiff PATRICIA ZALES for Discriminatory Practices in Public Accommodations;**
**Violation of the Americans with Disabilities Act of 1990)**

28.   Based on the facts and allegations pled in Paragraphs 1 through 27 above (which
Plaintiffs re-plead and incorporate herein by reference), Plaintiff PATRICIA ZALES was
denied full and equal enjoyment of and access to Defendants' goods, services, facilities,
privileges, advantages or accommodations in violation of the ADA.  Plaintiff alleges that each
defendant owns, leases and/or operates a public accommodation as defined in 42 U.S.C. section
12181(7).  The condition of Defendants' property and/or the manner in which Defendants
provided services failed to provide full and equal access to Defendants' goods and services in
public accommodations as required generally by the provisions of 42 U.S.C. sections 12182(a)
and 12182(b)(1)(A).  As set forth in this Complaint, Plaintiff was specifically subjected to
discrimination in violation of 42 U.S.C. sections 12182(b)(2)(A)(iv); 12182(b)(2)(A)(v);
12182(b)(2)(A)(iii); 12183 and 12188 because Plaintiff was denied equal access to and
enjoyment of The Restaurant and The Property.

29.   Plaintiff has physical disabilities as alleged above because Plaintiff's conditions
affect one or more of the following body systems: Neurological, musculoskeletal and/or
cardiovascular.  Further, Plaintiff's physical impairments substantially limit major life activities;
including standing and walking.  Plaintiff cannot perform the above-noted major life activities
in the manner, speed and duration when compared to the average person.  Moreover, Plaintiff
has a history of or has been diagnosed and/or classified as having a physical impairment as
required by 42 U.S.C. section 12102(2)(A).

8

30.     One of the specific prohibitions against discrimination under the ADA is set forth in 42 U.S.C. section 12182(b)(2)(A)(iv).  That section prohibits, in pertinent part: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable."

31.     Plaintiff alleges that the remediating each of the specific barriers that Plaintiff encountered as set forth above and that otherwise exist, was at all times, "readily achievable" pursuant to the factors set forth in the ADA and the applicable regulations adopted by the United States Department of Justice under the ADA (said regulations being set forth in 28 C.F.R. Part 36).  Further, assuming, *arguendo*, that Defendants were able to meet their burden of proof that the remediation and repair of the defined architectural barriers (or any of them) was or is not "readily achievable," Defendants have conspicuously failed to make their goods, services, facilities, privileges, advantages and/or accommodations available through alternative readily achievable means pursuant to the requirements of 42 U.S.C. section 12182(b)(2)(A)(v).

32.     The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. section 12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."

33.     Based on the facts and allegations pled herein, Defendants failed and refused to reasonably modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing defendants' services, facilities, privileges, advantages or accommodations, as required by the ADA.  Additionally, Defendants conspicuously failed to adopt required policies and procedures to allow people with disabilities to effectively navigate Macy's and The Property.

34.     Plaintiff is informed and believes and based thereon alleges that Macy's and/or The Property (or relevant portions thereof) were designed and constructed for first occupancy after January 26, 1993.  In this regard, 42 U.S.C. section 12183(a)(1) states that a failure to design and construct covered public accommodation buildings and facilities that are readily

9

accessible to and useable by people with disabilities, as required by the ADA and the regulation enacted thereunder in 28 C.F.R. Part 36, is discriminatory and violates the ADA.  Plaintiff is informed and believes and based thereon alleges that Defendants have modified and altered Macy's and/or The Property on or after January 26, 1992, in a manner that affects the usability and accessibility of Macy's and/or The Property.  The ADA specifically prohibits discrimination against persons with disabilities in the construction and alteration of public accommodations.  In this regard, 42 U.S.C. section 12183(a)(2) as enforceable at the time of the incidents described herein prohibits:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for and referenced in 42 U.S.C. section 12183(a)(2).  As enforceable at the time of the incidents alleged herein, section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> (a)  General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

> (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.

> (b)  Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.

> (1)  Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...

10

(2)  If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel" accessibility work to be conducted in connection with certain alterations. That section, as enforceable at the time of the incidents alleged herein states, in pertinent part:

(a)  General. An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

Section 36.403(e) defines a path of travel as follows:

(e)  Path of Travel. (1) A 'path of travel' includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility.

(2)  An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.

(3)  For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

35.     Based on the facts and allegations pled at Paragraphs 1 through 34 above, and the facts elsewhere in this Complaint, Plaintiff PATRICIA ZALES was damaged and will suffer irreparable harm unless Defendants are ordered to discontinue business at the Macy's and/or The Property or: (i) remove architectural and other barriers at Macy's and The Property and otherwise obey the requirements of the ADA and (ii) adopt policies and procedures that comport with the requirements of the ADA with respect to the enjoyment of the facilities by guests with disabilities.  Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.  Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to

redress the discriminatory conduct of defendants.  Plaintiff desires to return to Defendants'

place of business but is deterred from doing so because of the barriers set forth herein.

Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction, including a paid

monitor, is necessary to assure that Defendants comply with the applicable requirements of the

ADA.  Other access barriers may exist at The Property.  Plaintiff will seek leave to amend this

Complaint after a site survey of the premises by her access consultant, pursuant to the 9th

Circuit's holding in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008).

WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally, as set

forth below.

**SECOND CLAIM**
**AGAINST DEFENDANTS**
**(By Plaintiff PATRICIA ZALES for Denial of Full and Equal Access in Violation of**
**California Civil Code Sections 54 and 54.1)**

36.     Based on the facts and allegations pled in Paragraphs 1 through 35 above and

elsewhere in this Complaint (which Plaintiff re-plead and incorporate herein by reference),

Plaintiff PATRICIA ZALES alleges that Defendants have discriminated against Plaintiff and

violated Plaintiff's rights under sections 54 and 54.1 of the California Civil Code.  At all times

relevant to this Action, California Civil Code sections 54 and 54.1 have provided that physically

disabled persons are not to be discriminated against because of their physical disabilities and

that they shall have full and equal use of public facilities and other public places.

37.     Section 54(a) of the California Civil Code states that individuals with disabilities

or medical conditions have the same right as the general public to the full and free use of the

streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals,

clinics and physicians' offices, public facilities and other public places.

38.     Plaintiff is an individual with a disability as defined in California Government

Code section 12926.

39.     California Civil Code section 54.1 (a)(1) provides, in pertinent part, as follows:

54.1(a)(1) Individuals with disabilities shall be entitled to full and equal
access, as other members of the general public, to accommodations, advantages,
facilities, ... places of public accommodation, amusement, or resort, and other

12

places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

40.     California Health & Safety Code section 19955 provides, in pertinent part:

The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part 'public accommodation or facilities' means a building, structure, facility, complex or improved area which is used by the general public... When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities they shall be made available for the handicapped.

41.     California Health & Safety Code section 19956, which is in the same Chapter as section 19955, provides, in pertinent part: "All public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code."

42.     California Health & Safety Code section 19956 became operative on July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

43.     Plaintiff is informed and believes and based thereon alleges, that Macy's and/or the Property was constructed and/or has been substantially altered or modified after July 1, 1970.

44.     Pursuant to the authority delegated by Government Code section 4450, *et seq*., the California State Architect promulgated regulations for the enforcement of the aforementioned provisions of the Health & Safety Code and the Government Code.  Since July 1, 1970, the State Architect has developed and modified building regulations as set forth in the current version of the California Building Code and its antecedents (Title 24-2 of the California Code of Regulations).

45.     Plaintiff is informed and believes, and based thereon alleges, that the construction, alterations, remodeling and renovations that have been conducted since July 1, 1970, were conducted in violation of the above provisions of California law and the CBC.

46.     A violation of the above referenced sections of the Health & Safety Code and the Title 24 regulations adopted thereunder constitutes a violation of the general anti-discrimination

13

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    provisions Civil Code sections 51(b), 54 and 54.1.

2         47.    Each violation of the Americans With Disabilities Act of 1990 also constitutes a

3    violation of sections 51(f), 54(c) and 54.1(d) of the California Civil Code, thus independently

4    justifying an award of damages and injunctive relief pursuant to California law.  Plaintiff alleges

5    that she has been denied such full and equal access as required by California law which

6    incorporates Title III of the ADA.

7         48.    Section 54.3 of the California Civil Code provides that any person, firm or

8    corporation that denies or interferes with the admittance to or enjoyment of the public facilities

9    as specified in sections 54 or 54.1 thereof or who otherwise interferes with the rights of an

10   individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the

11   actual damages, and up to three times actual damages, but in no case less than $1,000, and such

12   attorneys' fees as may be determined by the Court.

13        49.    The violations of Plaintiff's rights under the ADA and California law that are

14   alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the

15   Property and the goods and services offered there and have caused Plaintiff to suffer the damage

16   and harms set forth and alleged in this Complaint.

17        WHEREFORE, Plaintiff pray for relief against Defendants, jointly and severally, as set

18   forth below.

19                              **THIRD CLAIM**
                             **AGAINST DEFENDANTS**
20              **(By Plaintiff PATRICIA ZALES for Violation of**
                    **Section 51 of the California Civil Code)**
21

22        50.    Plaintiff hereby incorporates and re-alleges paragraphs 1 through 49 of the

23   complaint.

24        51.    At all times relevant to this action, section 51 of the California Civil Code has

25   provided that physically disabled persons are not to be discriminated against because of their

26   physical disabilities.  Based on the facts and allegations pled at Paragraphs 1 through 49 above

27   and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by

28   reference), Plaintiff PATRICIA ZALES alleges that defendants have discriminated against

                                          14

Plaintiff and violated Plaintiff's rights under section 51 of the California Civil Code.

52.     Plaintiff is a disabled person or has a disability as defined by section 12926 of the California Government Code.

53.     California Civil Code section 51(b) provides, in pertinent part:

(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever

54.     Section 51(f) of the California Civil Code states that a violation of the ADA also constitutes a violation of California Civil Code section 51.

55.     Section 52(a) of the California Civil Code provides as follows:

(a)     Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

56.     The barriers to access complained of herein as well as the failures to adopt and modify policies and procedures are patent (and in some cases absolute) barriers to people with mobility disabilities and are of an obvious and intuitive nature and demonstrate an intent to deny Plaintiff's rights.  Parties who own and/or operate large shopping centers and gyms are familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by the ADA. Plaintiff's damages resulted from defendants' intentional acts and omissions.

WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally, as set forth below.

### FOURTH CLAIM
### AGAINST ALL DEFENDANTS
### (Negligence Per Se –Violations of ADA and CBC)

57.     Plaintiffs hereby incorporate every allegation set forth in paragraphs 1 through 56 of their complaint.

58.     Plaintiffs are informed, believe and thereon allege that Defendants own, maintain,

15

1  lease, rent, possess, operate and/or manage real property adjacent to the entryway, and sidewalk

2  upon which Plaintiff PATRICIA ZALES suffered her fall and injury as alleged above.

3       59.     Plaintiffs are informed, believes and thereon allege that said Defendants operate

4  and maintain the aforementioned property as a "place of public accommodation" as defined in

5  Title III of the Americans with Disabilities Act.

6       60.     Said Defendants and each of them failed to provide access consistent with the

7  standards required by Title III of the Americans with Disabilities Act, including but not limited

8  to, 28 Code Federal Regulations (C.F.R.) Part 36, App. A (sometimes called the ADA Standards

9  for Accessible Design) by, including but not limited to, failing to provide a safe and accessible

10  path of travel (see 28 C.F.R. Part 36, App. A section 4.3.2) from their respective businesses to

11  public street parking and public transportation by failing to comply with door and gate closing

12  speed required to be accessible contrary to California Building Code 11B-404.2.8.2; 28 C.F.R.

13  Part 36, App. A, sections 404.2.8.1 and 404.2.9 .7 among other standards and regulations.

14       61.     Said Defendants and each of them failed to provide access consistent with the

15  standards required by the CBC by, among other things, failing to provide an accessible path of

16  travel (See C.C.R. Title 24, Section 1110A.1) from their respective businesses to public street

17  parking and public transportation by failing to comply with door and gate closing speed required

18  to be accessible contrary to CBC Chapter 11B, section 404.2.8.2; 28 CFR Part 36 App. A sections

19  404.2.8.1 and 404.2.9 among other standards and regulations.

20       62.     As a result of the failure of said Defendants to comply with the foregoing

21  standards of accessibility (1) designed for the safety of the public in general and disabled persons

22  like Plaintiff PATRICIA ZALES in particular and (2) designed in order to prevent harm to

23  disabled persons such as Plaintiff PATRICIA ZALES, said Defendants have breached a duty of

24  care owed to Plaintiffs herein.

25       63.     Because of the aforementioned breach of duty of care by said Defendants,

26  Plaintiffs have suffered and will continue to suffer the harms and losses set forth above.

27       WHEREFORE, Plaintiffs pray for relief against Defendants, jointly and severally, as set

28  forth below.

**FIFTH CLAIM**
**AGAINST DEFENDANTS**
**(Negligent Design and/or Construction)**

64.    Plaintiffs hereby incorporate every allegation set forth in paragraphs 1 through 63 and of her complaint as if more fully set forth herein.

65.    Within the last ten (10) years, Defendants and each of them designed and constructed improvements on The Property which included the walkway, entryway, doors, curb cuts, flares and other design features of the accessible path required by state and federal access laws as alleged above.

66.    Said improvements were required to comply with then-existing building codes, local ordinances and accessibility requirements as dictated by state and federal law.

67.    Due to the negligence and breach of duty by Defendants, as set forth above, said improvements did not comply in their as-built state to such building codes, local ordinances and accessibility requirements and contained one or more latent defects which resulted in the harms and losses to Plaintiff as more particularly set forth above.

68.    Due to the negligence and breach of duty by Defendants, as set forth above, said improvements contained one or more latent defects not readily apparent to the average person which resulted in the defects referenced above and the harms and losses to Plaintiff as alleged herein.

WHEREFORE, Plaintiffs pray for relief against Defendants, jointly and severally, as set forth below.

## PRAYER FOR RELIEF

A.    For general and special damages pursuant to California Civil Code sections 52, 54.3, 3281 and 3333, and/or under common law as may be appropriate;

B.    For a trebling of actual damages to Plaintiff PATRICIA ZALES, but in no event less than $4,000 in damages pursuant to California Civil Code section 52 for each and every violation of California Civil Code section 51;

C.    In the alternative to the damages to Plaintiff PATRICIA ZALES pursuant to California Civil Code section 52 in Paragraph B above, for a trebling of actual damages, but in no

17

1  event less than $1,000 in damages pursuant to California Civil Code section 54.3 for each and

2  every violation of California Civil Code section 54.1 and/or California Civil Code section 54;

3       D.      For injunctive relief on behalf of Plaintiff PATRICIA ZALES pursuant to 42

4  U.S.C. section 12188 and section 52 of the California Civil Code.  Plaintiff requests that this

5  Court enjoin Defendants from continuing to do business at the Macy's, and on The Property, prior

6  to removing all architectural and policy barriers and otherwise complying with the ADA and

7  California laws or in the alternative, that this Court issue a mandatory injunction requiring

8  Defendants to immediately make The Property fully accessible to people with disabilities, all in

9  compliance with the standards set forth in the ADAAS and the CBC.  Plaintiff does not request

10  any injunctive relief pursuant to section 55 of the California Civil Code or section 19953 of the

11  California Health & Safety Code;

12       E.      For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil

13  Code §52; California Civil Code §54.3, California Code of Civil Procedure §1021.5; and

14       F.      For such other and further relief as the Court deems proper.

16  Date: October 18, 2018                    **DERBY, McGUINNESS & GOLDSMITH, LLP**

18                    _/s/ Steven L. Derby_
                    By STEVEN L. DERBY, Esq.
                    Attorneys for Plaintiff

21                    **DEMAND FOR JURY**

22  Plaintiff hereby demand a jury for all claims for which a jury is permitted.

23  Date: October 18, 2018                    DERBY, McGUINNESS & GOLDSMITH, LLP

25                    _/s/ Steven L. Derby_
                    By STEVEN L. DERBY, Esq.
                    Attorneys for Plaintiff

18
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES