1  RYAN D. FISCHBACH, Bar No. 204406
   *rfischbach@bakerlaw.com*
2  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
3  Los Angeles, CA  90025-0509
   Telephone:    310.820.8800
4  Facsimile:    310.820.8859

5  *Attorneys for Defendant*
   SIMON PROPERTY GROUP, INC.

6

7

8                **IN THE UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10 PATRICIA ZALES AND PETER ZALES,          Case No.:  5:18-cv-06403-NC

11              Plaintiffs,                  [Assigned to the Hon. Nathanael M. Cousins]

12      v.                                   **DEFENDANT SIMON PROPERTY
                                             GROUP, INC.'S NOTICE OF MOTION
13 SIMON PROPERTY GROUP, INC. a              AND MOTION TO DISMISS
   Delaware Corporation; MACY'S             PLAINTIFFS' COMPLAINT OR
14 CALIFORNIA, INC. a Delaware               ALTERNATIVELY MOTION FOR
   Corporation and DOES 1-100, Inclusive,   MORE DEFINITE STATEMENT AND
15                                           SUPPORTING MEMORANDUM OF
                Defendants.                  POINTS AND AUTHORITIES**
16
                                             Hearing Date:   February 27, 2019
17                                           Hearing Time:   1:00 p.m.
                                             Courtroom:      5, 4th Floor
18
                                             Action Filed:   October 19, 2018
19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2

**PLEASE TAKE NOTICE** that on February 27, 2019, at 1:00 p.m., or as soon thereafter

3

as this matter may be heard before the Honorable Nathanael M. Cousins in Courtroom 5, 4th Floor

4

of the above-captioned Court, located at 280 S. First Street, San Jose, California, 95113,

5

Defendant, Simon Property Group, Inc. ("SPG"), will, and hereby does, move this Court for an

6

Order dismissing the Complaint of Plaintiffs Patricia and Peter Zales ("Plaintiffs").

7

SPG is seeking an Order dismissing the Plaintiffs' Complaint pursuant to Rules 12(b)(1)

8

and 12(b)(6) of the Federal Rules of Civil Procedure or alternatively for a more definite

9

statement.

10

11

Dated:    January 16, 2019            Respectfully submitted,

12

**BAKER & HOSTETLER LLP**

13

14

By:    */s/ Ryan D. Fischbach*
       RYAN D. FISCHBACH

15

*Attorneys for Defendant*

16

SIMON PROPERTY GROUP, INC.

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

# **TABLE OF CONTENTS**

2

**Page(s)**

4   I.      STATEMENT OF THE ISSUES TO BE DECIDED........................................................ 1

5   II.     INTRODUCTION ........................................................................................................... 1

    III.    STATEMENT OF THE RELEVANT FACTS ............................................................... 2

6   IV.     STANDARD OF REVIEW ON A MOTION TO DISMISS .......................................... 3

7   V.      ARGUMENT .................................................................................................................. 3

8           A.      The Complaint Should Be Dismissed Under Rule 12(b)(1)
                    For Lack Of Standing........................................................................................... 4

9                   1.      The Complaint Does Not Establish Injury-In-Fact.................................... 4

10                          a)      Past Injury. ................................................................................... 7

                            b)      Future Injury ................................................................................ 7

11                                  (1)     Proximity.......................................................................... 7

12                                  (2)     Past Patronage .................................................................. 8

                                    (3)     Definiteness of Plans to Return........................................ 9

13                                  (4)     Frequency of Nearby Travel ........................................... 10

14                  2.      No Claim Under the ADA for Exterior Door Opening Force. ................. 11

                    3.      Assuming *Arguendo* there is Standing, that Standing is Limited................. 12

15                          a)      Standing Limited to Alleged Barriers Related to Plaintiff's
                                    Disability..................................................................................... 12

16                  4.      Plaintiff's ADA Claim Is Moot. ............................................................ 13

17                  5.      Plaintiff Is Seeking Nonrecoverable Damages. ....................................... 14

18          B.      The Complaint Should Be Dismissed Under Rule 12(b)(6) For
                    Failure To Plead With Specificity...................................................................... 15

19                  1.      Plaintiffs' Allegations Force the Court to Engage in Guesswork Because
                            They Do Not Comport with Well-Settled Rules of Pleading. ........................ 15

20                  2.      There is No Negligence Per Se Under the ADA. ......................................... 19

21                  3.      There is No Independent Basis for Jurisdiction Over State Claims. .............. 20

    VI.     CONCLUSION.............................................................................................................. 21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Access 4 All, Inc. v. Bamco VI, Inc.,*
    2012 WL 33163 (S.D. Fla. Jan. 6, 2012) ...................................................................17

*Access 4 All, Inc. v. Starbucks Corp.,*
    2012 WL 13683 (S.D. Fla. Jan. 4, 2012) ................................................................6, 19

*Access for the Disabled, Inc. v. First Resort, Inc.,*
    2012 WL 4479005 (M.D. Fla. Sept. 28, 2012) ...........................................................16

*Alexander v. Kujok,*
    158 F. Supp. 3d 1012 (E.D. Cal. 2016)........................................................................4

*Antonio v. Vanareth Kim Yi,*
    2015 WL 13603781 (C.D. Cal. Mar. 4, 2015) ..............................................................8

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................................3, 18

*Ass'n for Disabled Americans, Inc. v. 7-Eleven, Inc.,*
    WL 546478 (N.D. Tex. Apr. 10, 2002)........................................................................12

*Ass'n for Disabled Americans, Inc. v. Claypool Holdings LLC,*
    2001 WL 1112109 (S.D. Ind. Aug. 6, 2001) ...............................................................13

*Bell Atlantic Corp. v. Twombly,*
    50 U.S. 544 (2007)........................................................................................................3

*Brooke v. Kalthia Grp. Hotels,*
    2015 WL 7302736 (S.D. Cal. Nov. 18, 2015) .............................................................14

*Brown v. Showboat Atl. City Propco, LLC,*
    2010 WL 5237855 (D.N.J. Dec. 16, 2010) ...................................................................9

*Caldwell v. Caldwell,*
    2006 WL 618511 (N.D. Cal. 2006)...............................................................................2

*Camesi v. Univ. Pittsburgh Med. Ctr.,*
    729 F.3d 239 (3d Cir. 2013).........................................................................................13

*Carr v. Alta Verde Indus., Inc.,*
    931 F.2d 1055 (5th Cir. 1991)........................................................................................4

*Chapman v. Chevron Stations, Inc.,*
    2011 WL 4738309 (E.D. Ca. Oct. 5, 2011) .................................................................11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011)................................................................3, 5, 11, 18

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983).........................................................................................4

*Cree, Inc. v. Tarr Inc.*,
   2017 WL 3219974 (S.D. Cal. July 28, 2017) ...............................................18

*Davis v. Am. Nat. Bank of Texas*,
   2012 WL 7801700 (E.D. Tex. Dec. 11, 2012)..............................................8

*DeBoard v. Comfort Inn*,
   2013 WL 5592418 (S.D. Ind. Oct. 9, 2013).................................................6

*Delil v. El Torito Rest.*,
   1997 WL 714866 (N.D.Cal.1997).................................................................7

*Disabled Patriots of Am., Inc. v. Fu*,
   2009 WL 1470687 (W.D.N.C. May 26, 2009) .............................................9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*,
   528 U.S. 167 (2000).............................................................................4, 5, 10

*Harris v. Stonecrest Care Auto Ctr., LLC*,
   472 F. Supp. 2d 1208 (S.D. Cal. 2007)......................................................10

*Harty v. SRA/Palm Trails Plaza, LLC*,
   755 F. Supp. 2d 1215 (S.D. Fla. 2010) ......................................................17

*Harty v. Tathata Inc.*,
   2011 WL 1261313 (E.D.N.C. Mar. 31, 2011) .............................................9

*Hernandez v. Polanco Enterprises, Inc.*,
   19 F. Supp. 3d 918 (N.D. Cal. 2013) ...........................................11, 14, 18

*Hoewischer v. Park Shopping, Ltd.*,
   2011 WL 4837259 (M.D. Fla. Oct. 12, 2011) .............................................10

*Hubbard v. 7-Eleven, Inc.*,
   433 F. Supp. 2d 1134 (S.D. Cal. 2006).....................................................6, 7

*Hunter v. Branch Banking & Trust Co.*,
   2013 WL 4052411 (N.D. Tex. Aug. 12, 2013).............................................6

*Kalani v. Ave. Grill, Inc.*,
   2016 WL 5402709 (E.D. Cal. Sept. 28, 2016).................................4, 18, 19

*Kohler v. Flava Enterprises, Inc.*,
   826 F. Supp. 2d 1221 (S.D. Cal. 2011), *aff'd*, 779 F.3d 1016 (9th Cir. 2015) .......................20

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

*Langer v. Kacha*,
  2016 WL 524440 (S.D. Cal. Feb. 10, 2016) .................................................................14

*Lonberg v. Sanborn Theaters Inc.*,
  259 F.3d 1029 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc*,
  271 F.3d 953 (9th Cir. 2001)........................................................................................19

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ..........................................................................................4, 8, 9, 10

*Macourt v. Goodwill Indus.-Manasota, Inc.*,
  220 F.R.D. 377 (M.D. Fla. 2003)..................................................................................17

*Means v. St. Joseph Cnty. Bd. Of Commirs*,
  2011 WL 4361567 (N.D. Ind. Sept. 16, 2011)...............................................................6

*Meyers v. City of Jacksonville*,
  754 So. 2d 198 (Fla. 1st DCA 2000)..............................................................................20

*Moeller v. Taco Bell Corp.*,
  966 F.Supp.2d 899 (N.D. Cal. 2013) .............................................................................16

*Mollett v. Leicth*,
  511 F. App'x 172 (3d Cir. 2013) ...................................................................................13

*Molski v. Kahn Winery*,
  405 F. Supp. 2d 1160 (C.D. Cal. 2005) ...............................................................5, 6, 7, 8

*Moyer v. Walt Disney World Co.*,
  146 F.Supp.2d 1249 (M.D. Fla. 2000) .............................................................................5

*Norkunas v. Park Road Shopping Center, Inc.*,
  777 F. Supp. 2d 998 (W.D.N.C. 2011) *aff'd*, 474 Fed. Appx. 369 (4th Cir. 2012) ...............8, 9

*Oliver v. Ralphs Grocery Co.*,
  654 F.3d 903 (9th Cir. 2011).................................................................................14, 16

*Parr v. L & L Drive-Inn Rest.*,
  96 F. Supp. 2d 1065 (D. Haw. 2000) ...............................................................................6

*Pickern v. Holiday Quality Foods, Inc.*,
  293 F.3d 1133 (9th Cir. 2002).........................................................................................8

*Scherr v. Marriott Intern., Inc.*,
  703 F.3d 1069 (7th Cir. 2013)......................................................................................5, 6

*Second Measure, Inc. v. Kim*,
  143 F. Supp. 3d 961 (N.D. Cal. 2015) .............................................................................18

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

*Sharp v. Capitol City Brewing Co., LLC*,
680 F.Supp.2d 51 (D.D.C. 2010) ...........................................................13

*Steel Co. v. Citizens for a Better Environment*,
523 U.S. 83 (1998) .................................................................................4

*Steger v. Franco, Inc.*,
228 F.3d 889 (8th Cir. 2000)..................................................................13

*Strong v. Walgreen Co.*,
2011 WL 5374125 (S.D. Cal. Nov. 8, 2011) ........................................17

*Theatre Mgmt. Group, Inc. v. Dalgliessh*,
765 A.2d 986 (D.C. Cir. 2000) ..............................................................20

*United States v. Virgin Islands*,
363 F.3d 276 (3d Cir. 2004)...................................................................13

*Walden v. Taubman Regency Square Associates, LLC*,
No. 3:10-cv-855-JAG, Dkt. 8 (E.D. Va. April 5, 2011) ...................17, 19

*Wander v. Kaus*,
304 F. 3d 856 (9th Cir. 2002)................................................................14

*Wilson v. Costco Wholesale Corp.*,
426 F.Supp.2d 1115 (S.D. Cal. 2006) .....................................................8

*Wright v. Dougherty County*,
358 F.3d 1352 (11th Cir. 2004)................................................................4

**Statutes**

28 U.S.C. § 1331 ...........................................................................................20

28 U.S.C. § 1367(c)(3) ..................................................................................20

42 U.S.C. § 12182(a) ....................................................................................15

42 U.S.C. § 12188(a)(1).............................................................................5, 14

California Civil Code Section 51 ................................................................3, 4

California Civil Code Section 54 ....................................................................3

California Civil Code Section 54.1 .................................................................3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

v

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant, Simon Property Group, Inc. ("SPG"), pursuant to L. Civ. R. 7.4, hereby files this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint filed by Plaintiffs, Patricia Zales ("Plaintiff" or "Mrs. Zales") and Peter Zales (collectively with Plaintiff, "Plaintiffs"), and states as follows:

**I.     STATEMENT OF THE ISSUES TO BE DECIDED**

Whether the Complaint should be dismissed, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, because Plaintiffs' allegations fail to establish Article III standing, including:

- Whether Plaintiffs' standing should be limited to Mrs. Zales' disabilities and to the issues that she either knew about or personally experienced prior to filing suit;
- Whether Plaintiffs' ADA claim is moot; and
- Whether Plaintiffs can seek damages under Title III of the ADA.

Whether the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a cause of action under Title III of the Americans with Disabilities Act ("ADA"), including:

- Whether the Complaint should be dismissed under Rule 8 of the Federal Rules of Civil Procedure because the Complaint is not pled with the level of specificity required by well-settled federal law;
- Whether Plaintiffs should be required to amend their Complaint to allege a more definite statement; and
- Whether the Court should decline to exercise supplemental jurisdiction over the state law claims alleged in the Complaint.

**II.     INTRODUCTION**

Plaintiffs have filed a five-count, disjointed, shotgun-styled Complaint alleging a multitude of conclusory allegations directed at two separate Defendants.  Furthermore, each count of the Complaint improperly reincorporates all prior allegations and uses multiple conjunctions leaving each Defendant to wade through a sea of inconsistencies "and/or" possible factual scenarios making it virtually impossible to determine the theories of liability and allegations

1

DEFENDANT SIMON PROPERTY GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT, *ETC*.; CASE NO.: 5:18-CV-06403-NC

against them. By way of example, paragraph 11 of the Complaint alleges the "Defendants" were negligent when they "designed *and/or* constructed *and/or* modified *and/or* maintained *and/or* inspected *and/or* owned *and/or* operated and/or exerted control" over the area where Plaintiff was injured. (Complaint at ¶ 11) (emphasis added). This disjointed, shotgun style pleading leaves the Defendants with an unclear mass of allegations and scenarios thereby making it impossible to form responses to the Plaintiffs' allegations and identify who is being sued for what alleged failures and in what capacity. To further complicate matters, Plaintiffs assert a claim under Title III of the Americans with Disabilities Act ("ADA") as the sole basis for federal jurisdiction. The Complaint, however, fails to allege the necessary standing to bring a claim under the ADA. The Complaint also admits that the ADA claim allegedly being used for federal jurisdiction and standing is moot. As a result, the Court lacks subject-matter jurisdiction since the federal claim is moot and there is no live case or controversy under the ADA. More specifically, the Complaint alleges Plaintiff was injured when a single door at some unknown location at one of two Macy's stores in the subject Shopping Center allegedly closed too quickly and with improper force. Plaintiff admits the door has since been removed (mooted). Nonetheless, Plaintiff appears to improperly seeks to use this single mooted incident to "bootstrap" standing to "fish for after-the-fact violations" throughout the entire Shopping Center even though Plaintiff lacks knowledge of any such violation and clearly did not experience any such barrier before filing the Complaint. Plaintiffs' Complaint should be dismissed.

## III.    STATEMENT OF THE RELEVANT FACTS

On April 30, 2018, Mrs. Zales went to a Macy's Department Store (the "Macy's Store") at the Stanford Shopping Center located at 660 Stanford Shopping Center, Palo Alto, California (the "Shopping Center").[1] (Complaint at ¶¶ 1, 9). Mrs. Zales alleges that she was struck by an exterior door at the Macy's Store leading to the accessible parking and was injured. (*Id.* at ¶¶ 1,

---

[1] There are two Macy's stores located at the subject Shopping Center. Plaintiff does not specify at which Macy's store the alleged incident took place. The Court is permitted to take judicial notice of the Stanford Shopping Center's website at https://www.simon.com/mall/stanford-shopping-center for purposes of a motion to dismiss. *See, e.g.*, *Caldwell v. Caldwell*, 2006 WL 618511, *4 (N.D. Cal. 2006) (finding that a court may take judicial notice of web site relating to motion to dismiss).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

16).  As a result, Mrs. Zales and her husband filed this lawsuit against SPG and Macy's California, Inc. ("Macy's").  As a basis for federal jurisdiction and liability the Complaint alleges the door in question closed too quickly and with improper force in violation of the Title III of the ADA and its implementing regulations, as well as companion state laws. (Complaint at ¶ 19). The Complaint includes five claims, each of which is directed at all of the Defendants: Count I: Claim by Mrs. Zales for Discriminatory Practices in Public Accommodations; Violation of the Americans with Disabilities Act of 1990; Count II: Claim by Mrs. Zales for Denial of Full and Equal Access in Violation of California Civil Code Sections 54 and 54.1; Count III: Claim by Mrs. Zales for Violation of Section 51 of the California Civil Code (the "Unruh Civil Right Act"); Count IV: Claim by both Plaintiffs for Negligence Per Se — Violations of ADA and California Building Code ("CBC"); and Count V: Claim by Plaintiffs for Negligent Design and/or Construction.

## IV.    STANDARD OF REVIEW ON A MOTION TO DISMISS

SPG moves to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) and 12(b)(6); the same standard governs dismissal under both rules.  The court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the non-movant.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court however is not required to accept as true, a "legal conclusion couched as a factual allegation."  *Id.*  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id*.  *See also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955, n.9 (9th Cir. 2011) ("plaintiff must do more than offer 'labels and conclusions' that parrot the language of the ADA.").  Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, n.9 (2007) (internal citations and quotations omitted).

## V.    ARGUMENT

The Complaint must be dismissed under both Rule 12(b)(1) and/or Rule 12(b)(6). Plaintiff has not suffered a cognizable injury-in-fact within the meaning of Article III of the U.S. Constitution, and thus the Court lacks subject matter jurisdiction over this action pursuant to Rule

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   12(b)(1).  Plaintiff also fails to state a claim because the Complaint fails to plead with the level of

2   specificity required by well-settled federal law, requiring dismissal under Rule 12(b)(6).[2]

3   **A.      The Complaint Should Be Dismissed Under Rule 12(b)(1) For Lack Of**

4   **Standing.**

5   **1.      The Complaint Does Not Establish Injury-In-Fact.**

6   The Court must assure itself that any plaintiff attempting to invoke federal jurisdiction has

7   suffered a sufficient injury to satisfy the "case or controversy" requirement of the Article III of

8   the U.S. Constitution.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992).  The

9   requirement that a plaintiff have constitutional standing "is an essential and unchanging part of

10  the case-or-controversy requirement of Article III."  *Id.* at 559.  Constitutional standing is

11  necessary to the court's jurisdiction and must be addressed before proceeding to the merits.  *Steel*

12  *Co. v. Citizens for a Better Environment*, 523 U.S. 83, 96 (1998).  A suit brought by a plaintiff

13  without Article III standing is not a "case or controversy," and therefore, the court lacks

14  jurisdiction to hear the claim.  *Id.* at 101.

15  Standing is not merely a pleading requirement, but "an indispensable part of the plaintiff's

16  case."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).  It must be determined as of the

17  time plaintiff's complaint is filed.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S.

18  167, 180 (2000) ("[W]e have an obligation to assure ourselves that [the plaintiff] had Article III

19  standing at the *outset of the litigation*.") (emphasis added); *see also Carr v. Alta Verde Indus.,*

20  *Inc.*, 931 F.2d 1055 (5th Cir. 1991).  Subsequent amendments are ineffective, because "[b]y

21  ─────────────────────

22  [2] SPG's argument for dismissal applies to Plaintiffs' claims under the ADA (Count I), as well as those claims brought under the California Civil Code (Counts II and III) and common law

23  negligence theories (Counts IV and V).  *See Alexander v. Kujok*, 158 F. Supp. 3d 1012, 1019 (E.D. Cal. 2016) (after determining plaintiff lacked standing to bring ADA claim, dismissing related

24  claims and explaining, because plaintiff's "Second and Third Causes of Action against [defendant], for violations of the Unruh Act and the California Disabled Persons Act, are expressly premised on

25  [plaintiff's] ability to make a claim under the ADA, those claims fail as against [defendant]…Finally, since Plaintiff's Fourth Cause of Action for negligence against [defendant] is

26  also premised on breaches of the ADA, Unruh Act and the Disabled Persons Act, it too fails."); *see*

27  *also Kalani v. Ave. Grill, Inc.*, 2016 WL 5402709, at *6 (E.D. Cal. Sept. 28, 2016), *report and recommendation adopted*, 2017 WL 68360 (E.D. Cal. Jan. 6, 2017) ("Since plaintiff has not

28  established a violation of the ADA, he has not established a violation of the Unruh Act [Section 51 of the California Civil Code].").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

lacking standing to bring a claim [a plaintiff] also lack[s] standing to amend the complaint." *Wright v. Dougherty County*, 358 F.3d 1352, 1356 (11th Cir. 2004). "Belated efforts to bolster standing are futile." *Moyer v. Walt Disney World Co.*, 146 F.Supp.2d 1249, 1253 (M.D. Fla. 2000).

To satisfy Article III, a plaintiff must establish: (1) that she has suffered an injury-in-fact; (2) that is fairly traceable to the challenged action of the defendant; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth*, 528 U.S. at 180–181.  The injury-in-fact element consists of two components.  First, the injury must be "concrete and particularized," which courts have interpreted to mean that the plaintiff has suffered a past injury at the hands of the defendant.  *Id.*  Second, if, and only if past injury is established, injury-in-fact is not present unless the plaintiff also shows that he has future plans that will cause him a future injury that is "actual or imminent, not merely conjectural or hypothetical." *Id*. Because the Plaintiff here cannot establish the injury-in-fact element of standing, causation and redressibility need not be addressed herein.  Thus, the analysis all boils down to whether the Complaint shows that Plaintiff suffered an injury-in-fact.

There are two ways that are currently recognized for an ADA plaintiff to establish injury-in-fact when seeking prospective relief: the "intent to return method" and the "futile gesture method."  *See, e.g. Chapman v. Pier 1 Imports (U.S.) Inc.*, at 950.  Under the intent to return method, the plaintiff must allege (1) past injury under the ADA; (2) show that it is reasonable to infer from allegations in the complaint that the discriminatory conduct will continue; and (3) show, through a series of a four factors, that based on the (i) proximity of the public accommodation to her home, (ii) past patronage of the business, (iii) definiteness of plans to return, and (iv) past frequency of visits that she intends to return to the public accommodation in the future.  *See Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005); *Scherr v. Marriott Intern., Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013).

Alternatively, under the futile gesture method (also referred to as the "deterrent effect method"), which tracks the language of the ADA itself, a person with a disability is not required to engage "in a futile gesture [of visiting a public accommodation] if such person has *<u>actual</u>*

5

DEFENDANT SIMON PROPERTY GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT, *ETC.*; CASE NO.: 5:18-CV-06403-NC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*notice* that a person or organization covered by [Title III] does not intend to comply with its provisions." 42 U.S.C. § 12188(a)(1) (emphasis added). Federal courts have found that a plaintiff has "actual notice" that a defendant does not intend to comply with the ADA when a plaintiff encounters discrimination or learns of the alleged violations through *expert findings or personal observation. Access 4 All, Inc. v. Starbucks Corp.*, 2012 WL 13683, *2 (S.D. Fla. Jan. 4, 2012) (citing *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1081 (D. Haw. 2000)). A plaintiff's standing is limited to those barriers actually encountered or for which he had actual knowledge of *prior to filing this action. Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1144 (S.D. Cal. 2006) (emphasis added). Past injury is the touchstone to the constitutional standing required to pursue an alleged violation of the ADA, irrespective of whether the plaintiff is seeking relief under the intent to return method or the futile gesture method. *See Scherr*, 703 F.3d at 1074 (holding that "past injury" is a requisite element of standing under the intent to return method); *Starbucks Corp.*, 2012 WL 13683 at *2 (finding that "actual notice" is a requisite element of standing under the futile gesture method, which requires a personal encounter with alleged barriers to access or knowledge of same based on expert findings).

In addition, both approaches—the intent to return method and the futile gesture method— require that an ADA plaintiff be able to show likelihood of future injury. To be sure, federal courts have found that the futile gesture method does not excuse an ADA plaintiff from still establishing that, but for the alleged violations of the ADA, she would return to the defendant's business. *DeBoard v. Comfort Inn*, 2013 WL 5592418, *1 (S.D. Ind. Oct. 9, 2013) (finding that in futile gesture cases, "the plaintiff must plead . . . intent to return to the location of the alleged violations"); *Means v. St. Joseph Cnty. Bd. Of Commirs*, 2011 WL 4361567 (N.D. Ind. Sept. 16, 2011); *see also Hunter v. Branch Banking & Trust Co.*, 2013 WL 4052411, *3 (N.D. Tex. Aug. 12, 2013) ("Because the plaintiff must still prove under the 'deterrent effect' method that she has an intent to return, the four-factor test applied to 'intent to return' cases *also pertains to 'deterrent effect' cases* to determine whether the plaintiff is in fact suffering an injury because she is being deterred from using the noncompliant accommodation.") (emphasis added). Thus, under both the intent to return method and the futile gesture method, Plaintiff must show past injury and

6

DEFENDANT SIMON PROPERTY GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT, *ETC.*; CASE NO.: 5:18-CV-06403-NC

likelihood of future injury based on the four-factor test cited in *Molski*, 405 F. Supp. 2d at 1163.

Furthermore, such standing is limited to those barriers actually encountered or for which Plaintiff

had actual knowledge of *prior to filing this action*. *Hubbard*, 433 F. Supp. 2d at 1144.

### a) Past Injury.

In an effort to narrow the issues for the Court to resolve, SPG does not contest, at the

pleadings stage, that the Complaint sufficiently alleges past injury because the Complaint alleges

that Mrs. Zales personally encountered the exterior door at the Macy's Store.[3]  (Complaint at ¶ 1).

Therefore, with respect to SPG's Rule 12(b)(1) argument for dismissal, the Court need only

determine whether the allegations in the Complaint adequately alleges the likelihood of future

injury.  For the reasons below, the Complaint fails to do so.

### b) Future Injury.

In evaluating whether an ADA plaintiff has established a likelihood of future injury,

courts have been guided by: (1) the proximity of the place of public accommodation to plaintiff's

residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of

plaintiff's plans to return, and (4) plaintiff's frequency of travel near defendant.  *Molski* at 1163.

Applying the facts of this case to each of these factors shows that Plaintiffs are not in danger of

imminent future injury.

### (1) Proximity.

"As the distance between a plaintiff's residence and a public accommodation increases,

the potential for the occurrence of future harm decreases." *Molski* at 1164.  Where the distance

between the two is significant, especially if it is in excess of 100 miles, courts have often held that

such a distance weighs against finding a reasonable likelihood of future harm.  *Delil v. El Torito

Rest.,* 1997 WL 714866, at *3 (N.D.Cal.1997) (holding that plaintiff failed to establish likelihood

of future harm in part because she lived over 100 miles from a restaurant).  Here, noticeably

absent from the Complaint are any allegations as to where Mrs. Zales resides.  Without knowing

---

[3] This concession is limited solely to the notion that, for pleading purposes, Plaintiffs have satisfied the past injury component of constitutional standing under SPG's Rule 12(b)(1) argument for dismissal.  As argued, *infra*, the allegations in the Complaint purporting to identify the alleged barriers to access still must be dismissed pursuant to Rule 12(b)(6).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

where Mrs. Zales resides, it is impossible to evaluate the potential for the occurrence of future harm.  As the plaintiff, Mrs. Zales bears the burden of proof and persuasion as to the existence of standing. *Lujan,* 504 U.S. at 561.  Here Plaintiff falls short of meeting such burden by failing to allege sufficient facts to demonstrate standing and the Court is not permitted to speculate or guess as to Plaintiff's location.  *Antonio v. Vanareth Kim Yi*, 2015 WL 13603781, at *2 (C.D. Cal. Mar. 4, 2015) (If the plaintiff's allegations are insufficient to support a finding of standing, the Court may not speculate or guess that any of the four factors exist in order to conclude standing exists). As a result, the allegations in the Complaint, or lack thereof, fail to show that there is a likelihood of future injury.

(2)    **Past Patronage.**

Federal courts have found that the past patronage factor should focus on whether a plaintiff's allegations shows that he "prefers" patronizing a particular location, which is especially relevant where, as here, the mall consists of stores that are located in various cities nationwide and has the same goods and services available to plaintiffs in multiple locations.  *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002) (holding that past visits to a store, actual knowledge of barriers to access at the store, and statements that a plaintiff prefers a particular store are sufficient to establish standing); *Wilson v. Costco Wholesale Corp.*, 426 F.Supp.2d 1115, 1122 (S.D. Cal. 2006) (finding that a plaintiff's prior visit to a certain Costco store before he filed suit did not suggest that he preferred that particular location); *Molski*, 405 F.Supp.2d at 1164 (finding that plaintiff's "demonstrated lack of preference for [wines from the defendant's business] . . . weigh[ed] against the likelihood of future harm").

In addition, in Title III cases, a single visit does not sufficiently establish past patronage because there is a presumption that a plaintiff who has visited a public accommodation only once is unlikely to return.  *Davis v. Am. Nat. Bank of Texas*, 2012 WL 7801700, *6 (E.D. Tex. Dec. 11, 2012) (citing *Molski*, 405 F. Supp. 2d at 1163) (finding that when the plaintiff only visited the defendant's establishment once prior to filing suit and had no connection to the establishment, past patronage weighed against future harm and a finding of injury in fact); *Norkunas v. Park*

8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Road Shopping Center, Inc.*, 777 F. Supp. 2d 998 (W.D.N.C. 2011) *aff'd*, 474 Fed. Appx. 369 (4th Cir. 2012) (finding plaintiff's allegation of a single visit to the property weighed against standing); *Waffle House, Inc.*, 2011 WL 2580679, *2 (E.D.N.C. June 29, 2011) (same); *Harty v. Tathata Inc.*, 2011 WL 1261313, *3 (E.D.N.C. Mar. 31, 2011) (same).  Here, there is no question that the Complaint only alleges one prior visit to Macy's–April 30, 2018.  *Id.* at ¶¶ 1, 16.  Plaintiff's *one prior visit* to Macy's undermines the notion that she "prefers" patronizing the specific location of any of the stores having a national presence that are located at the Shopping Center because, when viewed through the lens of common sense, one prior visit hardly rises to the level of showing that an individual prefers a certain location.  Therefore, the number of prior visits to a particular location should be used as a metric to determine whether an ADA plaintiff prefers a location and has a credible intent to return on a future date.  The Complaint alleges no specific interest in any of the stores located at the Shopping Center.  Based on the foregoing, the past patronage factor weighs against Mrs. Zales.

(3)     **Definiteness of Plans to Return.**

The definitiveness of a plaintiff's intent to return to a place of public accommodation is another factor that federal courts consider that "arises from the very 'core' of the *Lujan* holding." *Brown v. Showboat Atl. City Propco, LLC*, 2010 WL 5237855, *9 (D.N.J. Dec. 16, 2010).  When assessing the definitiveness of a plaintiff's plans to return, courts have considered booked hotel reservations, *Disabled Patriots of Am., Inc. v. Fu,* 2009 WL 1470687, *3 (W.D.N.C. May 26, 2009), or plane tickets, *Lujan,* 504 U.S. at 579 (Kennedy, J., concurring) (explaining that a requirement that the plaintiff demonstrate the acquisition of airline tickets or announce a "date certain" to return to the location at the core of their suit is not trivial because a plaintiff must establish a personal stake in the case's outcome (citing *Lyons*, 461 U.S. at 101)), to be indicative of concrete plans, while vague and self-serving desires to revisit a particular public accommodation fall short of the definitiveness required to show a likelihood of future harm. *Norkunas*, 777 F. Supp. 2d at 1002.  Mrs. Zales does not allege any specific intent to return to the Macy's Store.  Rather, she alleges that she "desires to return to Defendants' place of business but

is deterred from doing so" because of purported barriers. (Complaint at ¶ 35). Self-serving statements of a professed intent to return on a general date are essentially "some day" intentions to return because they lack concrete indicia of plans to return. *See Lujan*, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury."). And of course, any future visits that Plaintiff planned after she filed suit are irrelevant to Plaintiff's standing because the facts supporting standing must exist as of the time the complaint is filed. *Laidlaw Envtl. Servs.*, 528 U.S. at 180; *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1216 (S.D. Cal. 2007) (citing *Lujan,* 504 U.S. at 564, 112 S.Ct. 2130). Here, Plaintiff's plans to return to the Shopping Center are merely self-serving assertions to return, which conveniently serve as her purported basis for standing to pursue injunctive relief. Based on the foregoing, the definiteness of intent to return factor also weighs against Mrs. Zales.

### (4)    Frequency of Nearby Travel.

Standing to pursue claims under Title III of the ADA is reserved for *bona fide* patrons of a public accommodation. *See Harris*, 472 F.Supp.2d at 1219 ("This Court is unable . . . to find any authority showing that Title III of the ADA was intended to create such broad rights against individual businesses by private parties who are not *bona fide* patrons, and are not likely to be bona fide patrons in the future."). Failing to provide information regarding frequency of travel near the defendant's business militates against standing. *City of Trenton*, 2008 WL 4416459 at *6; *see also Hoewischer v. Park Shopping, Ltd.*, 2011 WL 4837259, *5 (M.D. Fla. Oct. 12, 2011) (finding that ADA plaintiff lacked standing because, among other reasons, he failed to allege the location of his residence or that he frequently traveled near the defendant's business). Here, the frequency of travel factor is easily decided. The Complaint only alleges one prior visit to the Macy's Store. (Complaint at ¶ 1). Also absent from the Complaint are any allegations regarding her frequency of nearby travel, if any. Consequently, the frequency of travel factor also weighs in favor of dismissal.

Based on the foregoing, the Court can, and should, dismiss this action because Plaintiffs have not adequately shown likelihood of future injury.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### 2.    No Claim Under the ADA for Exterior Door Opening Force.

In addition, Plaintiff has no cause of action under the ADA relating to the exterior door opening force.  If there is no cause of action under the ADA there is no standing and no federal claim.  More specifically, Plaintiff's claim is that an exterior door leading to the Macy's store from the parking lot failed to comply with certain provisions of the ADA.[4]  (Complaint at ¶ 19). Plaintiff asserts that the exterior door failed to comply with 28 CFR Part 36, Sections 404.2.8.1 and 404.2.9 as the alleged provisions that were violated under the ADA.

A review of section 404.2.9, however, shows that it does not apply to *exterior* doors. While Section 404.2.9 of the 2010 Standards discusses "Door and Gate Opening Force," this section makes it clear that such requirements only apply to either "interior" hinged doors or "sliding or folding doors."  *See* Section 404.2.9, 2010 Standards.  Since the standards do not have any technical requirements for the opening force of an exterior door there is no opening force requirements for exterior doors and no cause of action for same.  *See Chapman v. Chevron Stations, Inc.*, 2011 WL 4738309 *6 (E.D. Ca. Oct. 5, 2011) (there are no regulations that set maximum pounds of pressure to open exterior doors so Defendant was not in violation of ADA).

Notably, in *Chapman*, the court also rejected the plaintiff's related claims based on the California Building Code because the defendant replaced the purported violating door, and therefore, the claims based on the California Building Code were mooted.  *Id.*  at * 6-7; *see also Hernandez v. Polanco Enterprises, Inc.*, 19 F. Supp. 3d 918, 926 (N.D. Cal. 2013) (ADA and state law claims based on alleged barrier are moot if barrier is removed before entry of final judgment).  Similarly, here, Plaintiffs' claims based on the California Building Code are also moot because the allegations in the Complaint concede that the door in question was "replaced" by Defendants.  (Complaint at ¶¶ 16-19).  To be sure, there are no allegations in the Complaint that the "replacement" door is in violation of any codes.

---

[4]  As set forth in Section E, below, Plaintiffs' Complaint is poorly drafted and contains numerous inconsistencies and ambiguities.  Gleaning the intent from the allegations, the door at issue appears to be an external door.  For example, Plaintiffs allege it is the "front door leading into Macy's" and the "door . . . connecting the Macy's store to common paths of travel and access parking ("the door.") Complaint at ¶¶ 1, 16).  Common sense dictates that the door leading to the parking would be an external door.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

11

1    For the foregoing reasons, the Complaint should be dismissed pursuant to Rule 12(b)(1)

2    because the Court lacks subject matter jurisdiction over this action.

3    **3.    Assuming *Arguendo* there is Standing, that Standing is Limited.**

4    Assuming, *arguendo*, that the Court disagrees with the foregoing analysis and finds that

5    the Complaint sufficiently alleges the likelihood of future injury based on the factors above, the

6    next step in the overall analysis is determining the scope of Plaintiffs' standing.  Currently,

7    Plaintiff is attempting to expand her standing from a single door at Macy's to the entire Shopping

8    Center.  Plaintiff alleges "other access barriers may exist" at the Shopping Center.  *Id.* at ¶ 35.

9    However, Mrs. Zales's purported standing, if any, does not extend beyond the Macy's Store.  In

10   other words, if Mrs. Zales has standing, she would only have standing with respect to alleged

11   barriers at the Macy's Store—not at the entire Shopping Center.  *See Doran v. 7-Eleven*, Inc., 524

12   F.3d 1034, 1047, n.9 (9th Cir. 2008).  In *Doran*, the Ninth Circuit expressly rejected the notion

13   that an ADA plaintiff, like Mrs. Zales here, should be granted carte blanche access to inspect an

14   entire shopping center simply because there is a purported barrier at a single store.  *See Doran*, at

15   n.9 ("Our ruling does not in any way suggest that a person precluded from visiting a shopping

16   center by lack of a disabled parking space at the shopping center could automatically have

17   discovery against multiple establishments in the center that were not responsible for the injury to

18   the disabled person caused by the lack of accessible parking.").  Thus, to the extent that the Court

19   finds that the Complaint sufficiently alleges the likelihood of future injury, Mrs. Zales would only

20   have standing with respect to purported barriers at the specific Macy's Store, and as discussed

21   below, only those purported barriers (at the Macy's Store) which relate to her specific disability.

22   **a)    Standing Limited to Alleged Barriers Related to Plaintiff's**

23   **Disability.**

24   Although SPG concedes that, for pleading purposes, Plaintiff has adequately alleged that

25   she has a disability within the meaning of the ADA, this alone does not give her "carte blanche

26   standing to pursue Title III claims that every disabled person may have." *Ass'n for Disabled*

27   *Americans, Inc. v. 7-Eleven, Inc.*, 2002 WL 546478, *4 (N.D. Tex. Apr. 10, 2002).  At most,

28   ADA plaintiffs have standing to pursue claims related to their specific disability.  *Doran*, at

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

12

*1047 (plaintiff may only challenge barriers that are "related to his or her specific disability.");

*Sharp v. Capitol City Brewing Co., LLC*, 680 F.Supp.2d 51, 59 (D.D.C. 2010) (finding that ADA plaintiff failed to establish injury-in-fact as to several alleged barriers that affect "many people with disabilities" because he failed to show how the barriers related to his disability and "inhibit[ed] his own access"); *see also Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (finding that visitor to office building could not seek relief for ADA violations in building not related to his disability); *Ass'n for Disabled Americans, Inc. v. Claypool Holdings LLC*, 2001 WL 1112109, *21 (S.D. Ind. Aug. 6, 2001) (limiting a plaintiff's standing to the barriers raised in the complaint related to his disabilities). Here, the Complaint shows that Mrs. Zales is seeking relief not only for alleged violations of the ADA related to her disability, but also for any other alleged violations, irrespective of whether they relate to her disability. (Complaint at ¶ 1). This practice is impermissible as Plaintiffs' standing, if any, does not extend to barriers which are not related to her specific disability. Therefore, the Court should dismiss the Complaint and limit the alleged barriers to only those that relate to Plaintiff's disability, if any.

### 4.      Plaintiff's ADA Claim Is Moot.

Under Article III, "[i]f a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it." *Mollett v. Leicth*, 511 F. App'x 172, 173 (3d Cir. 2013) (quoting *United States v. Virgin Islands*, 363 F.3d 276, 284–85 (3d Cir. 2004)). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Camesi v. Univ. Pittsburgh Med. Ctr.*, 729 F.3d 239, 247 (3d Cir. 2013) (quotation omitted). "An action is rendered moot when an intervening circumstance deprives the plaintiff of a personal stake in the *outcome* of the lawsuit, at any point during the litigation." *Id.* (emphasis added) (quotation omitted). It follows that, where there remains no effective relief to be had, the respective claim is moot.

The entirety of Plaintiffs' claims should be dismissed for want of subject-matter jurisdiction because her federal claim is moot and there is no live case or controversy. The only available remedy to private plaintiffs under the ADA is injunctive relief. *See* 42 U.S.C. § 12188(a)(1); *Langer v. Kacha*, 2016 WL 524440, at *3 (S.D. Cal. Feb. 10, 2016). In this

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13

DEFENDANT SIMON PROPERTY GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT, *ETC.*; CASE NO.: 5:18-CV-06403-NC

instance, Plaintiffs have admitted the single issue alleged in the Complaint, a non-compliant door, has been removed and replaced.  (Complaint at ¶¶ 1, 17 & 18).  As a result, the only relief available to the Plaintiff—an injunction to remove and replace the door—has already been given. Plaintiff does not allege the replacement door is not in compliance with the ADA.  Since the door has been replaced the Plaintiff's request for prospective injunctive relief—the sole relief available under the ADA—is no longer viable.  Plaintiff's claim is, therefore, moot and this jurisdictional deficiency disposes of the entirety of Plaintiff's federal case. *See Oliver v. Ralphs Grocery Co*., 654 F. 3d 903, 905 (9th Cir. 2011) (the voluntary removal of an alleged barrier can have the effect of mooting a plaintiff's ADA claim); *Hernandez v. Polanco Enters*, 19 F. Supp. 3d 918 (N.D. Cal. 2013) (same); *Brooke v. Kalthia Grp. Hotels*, 2015 WL 7302736, at *1 (S.D. Cal. Nov. 18, 2015) (where hotel took corrective action to install ADA compliant pool lift court found barrier was remediated and case was dismissed for lack of subject matter jurisdiction).

### 5.    Plaintiff Is Seeking Nonrecoverable Damages.

Due to Plaintiffs' shot-gun style pleading they appear to be seeking impermissible and unrecoverable damages under Title III of the ADA.  More specifically, Plaintiffs plead a plethora of damages allegedly incurred by them. (Complaint at ¶ 27).  These damages include economic damages, hospital and medical expenses, pain and suffering as well as emotional distress and sleeplessness.  *Id*.  Plaintiff, Mrs. Zales, then proceeds to wholesale incorporate those same damages into her claim under Title III of the ADA.  (Complaint at ¶ 28).  Plaintiff's "wherefore" clause for the ADA claim then proceeds to demand relief "as set forth below."  (Complaint, Count I generally).  The only damages "set forth below" appear at the end of the Complaint in the "Prayer For Relief," which again seeks monetary damages, among other relief.  (Complaint, Prayer For Relief).  Based upon Plaintiffs' pleading style, the only logical conclusion is that she is seeking monetary damages in addition to injunctive relief under Title III.  Such damages are not permissible under Title III of the ADA. *Wander v. Kaus*, 304 F. 3d 856, 858 (9th Cir. 2002) (damages are not recoverable under Title III of the ADA – only injunctive relief).  As a result, Plaintiffs' Title III claim seeking damages should be dismissed.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**B.      The Complaint Should Be Dismissed Under Rule 12(b)(6) For Failure To Plead With Specificity.**

As an alternative and independent basis for dismissal, the Court should also dismiss this action under Rule 12(b)(6).  The Complaint fails to satisfy the basic demands of pleading, pursuant to Rule 8, Federal Rules of Civil Procedure.  To state a *prima facie* claim under Title III of the ADA, a plaintiff must show (1) that she is a disabled individual; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the meaning of the ADA on the basis of her disability.  *See* 42 U.S.C. § 12182(a).  For pleading purposes, Plaintiffs sufficiently alleged that she is a disabled individual.  Apart from that allegation, the Complaint is unclear as to what capacity SPG is being sued (owner/operator/designer, etc.), what SPG allegedly failed to do (construct/maintain, etc.) and the alleged discrimination against Mrs. Zales on the basis of her disability.  As discussed below, the Complaint fails to plead the required elements within sufficient specificity as to SPG and, as such, should be dismissed.

**1.      Plaintiffs' Allegations Force the Court to Engage in Guesswork Because They Do Not Comport with Well-Settled Rules of Pleading.**

There is a common-sense approach to evaluating whether the Complaint states a claim upon which relief can be granted that cannot be overstated.  The place of public accommodation at issue in this lawsuit is not a single building with a parking lot having only a few spaces, one sidewalk out front, and several curb cuts.  By contrast, the Shopping Center contains over 150 stores (tenants) and restaurants along with hundreds of parking spaces, sidewalks, curb cuts, and paths of travel.  The Complaint, filled with conjunctions, alleges multiple theories of liability and unknown and unspecified alleged barriers to access.  For example, paragraph 11 of the Complaint alleges that SPG "designed *and/or* constructed" the door, "modified *and/or* maintained and/or inspected" the door, "owner *and/or* operated *and/or* exerted control" over the door.  Paragraph 1 of the Complaint also alleges that on information and belief there are other inaccessible features at the Shopping Center, but fails to allege what they are or where they are located.  Rather, Plaintiff appears to intend on using a mooted issue (the door) as a basis to inspect the entire

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

15

DEFENDANT SIMON PROPERTY GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT, *ETC*.; CASE NO.: 5:18-CV-06403-NC

Shopping Center and then amend her Complaint to include violations she never experienced or even knew about prior to suit.  (Complaint at ¶ 35).  That is improper.

As a preliminary matter, such vague allegations in the Complaint do not place SPG on fair notice of the claims against it.  Again, by way of example, if Plaintiff is asserting that SPG "owns" the Macy's door when in fact it does not there is no liability.  Likewise, how is SPG to defend against allegations it allegedly "designed" or "constructed" some unknown violation in an unspecified tenant space.  As the Complaint is currently drafted, Plaintiff can interchange theories of liability to avoid dismissal or create claims that are a moving target.  Plaintiffs also vaguely allege that there are inaccessible facilities, features, elements, and conditions "on or near" the Shopping Center." *Id.* at ¶ 1.  From Plaintiffs' allegations, SPG cannot determine if it controls any of the unspecified facilities, features or elements.  For example, it is not uncommon for anchor tenants at a shopping center to own their own tenant spaces and the parking, sidewalks, and curb cuts.  Property lines at shopping centers do not necessarily terminate at the four walls of any given structure, and often bleed out into adjacent areas.  So, the "violations," as currently alleged, could be directed at areas controlled by third parties.

Moreover, Plaintiffs indicate they will seek leave to amend this Complaint after a site survey of the premises by her access consultant.  (Complaint at ¶ 35).  This is also impermissible. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) ("[F]or purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere."); *Moeller v. Taco Bell Corp.*, 966 F.Supp.2d 899, 904 (N.D. Cal. 2013) ("[T]o the extent that the [complaint] does not identify specific barriers encountered by specific plaintiffs at specific stores, those claims are not presently in the case.").  Plaintiff should not be permitted to skirt the requirements of Rule 8 and attempt to bolster her standing to maintain this action by seeking to identify alleged barriers to access at the Shopping Center, of which she had no knowledge at the time of filing suit. *See Access for the Disabled, Inc. v. First Resort, Inc.*, 2012 WL 4479005, *6 (M.D. Fla. Sept. 28, 2012) ("Kennedy also does not have standing to complain about alleged barriers of which she was unaware at the filing of her complaint.");

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   *Access 4 All, Inc. v. Bamco VI, Inc.*, 2012 WL 33163 (S.D. Fla. Jan. 6, 2012) (same proposition);

2   *Strong v. Walgreen Co.*, 2011 WL 5374125 (S.D. Cal. Nov. 8, 2011) (same); *Harty v. SRA/Palm*

3   *Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1217 (S.D. Fla. 2010) (same).  *See, e.g.*, *Walden v.*

4   *Taubman Regency Square Associates, LLC*, No. 3:10-cv-855-JAG, Dkt. 8 (E.D. Va. April 5,

5   2011) (ordering plaintiff to file a more definite statement and re-plead every alleged violation

6   with "precise information allowing the Court to determine whether the plaintiff had a pre-filing

7   factual basis for the allegation and allowing the defendant to respond to the plaintiff's precise

8   allegations" by listing the date the plaintiff visited the property, the location of the violation and a

9   precise description of the alleged barrier, including measurements, if available).  The *Walden*

10  court also ordered that the plaintiff, his attorneys, and any agents could not re-visit the property

11  until after the plaintiff had amended his allegations in order to prevent the plaintiff and/or his

12  counsel from visiting the property after-the-fact to expand the plaintiff's standing.  *Id.*; *see also*

13  *Macourt v. Goodwill Indus.-Manasota, Inc.*, 220 F.R.D. 377, 379 (M.D. Fla. 2003).

14        Even Plaintiffs' allegations regarding the exterior door at the Macy's store are vague.  For

15  example, Plaintiffs allege that the door in question was the "front door leading into" the Macy's

16  store.  (Complaint at ¶ 1).   Plaintiffs also allege Mrs. Zales was "struck by a door connecting the

17  Macy's store to the common interior pathway connecting the Macy's store to common paths of

18  travel and accessible parking." *Id.* at ¶ 16.  Based on these allegations, it is not clear which

19  exterior door Plaintiffs are referring to or at which Macy's store the door was located.  Moreover,

20  the allegations themselves make no sense.  How can an *interior* door lead to parking?

21        Indeed, unable to even allege, with specificity, what the purported barriers are and/or

22  where they are located, Plaintiffs improperly seek to hold SPG, Macy's and "DOES 1 through

23  100" jointly liable by alleging a series of legal conclusions regarding the purported relationships

24  between them.  Plaintiffs allege that SPG, Macy's and "DOES 1-100" are either a joint venture, a

25  common enterprise, each other's agents, servants, employees, representatives and/or alter egos.

26  *Id.*, at ¶¶ 10-14.  However, these legal conclusions are insufficient because Plaintiffs have failed

27  to allege the requisite factual predict to support such conclusions.  *See e.g., Second Measure, Inc.*

28  *v. Kim*, 143 F. Supp. 3d 961, 971 (N.D. Cal. 2015) (to allege the existence of a partnership or a

17

DEFENDANT SIMON PROPERTY GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFFS' COMPLAINT, *ETC.*; CASE NO.: 5:18-CV-06403-NC

joint venture, the plaintiff must allege, inter alia, an agreement to participate in the management of the business); *Cree, Inc. v. Tarr Inc.*, 2017 WL 3219974, at \*7 (S.D. Cal. July 28, 2017) ("Conclusory allegations of 'alter ego' status are insufficient to state a claim.  Rather a plaintiff must allege specific facts supporting both of the necessary elements.").

In evaluating whether a plaintiff has stated a claim for relief, conclusory allegations are "not entitled to be assumed true."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  To properly plead alleged barriers, ADA plaintiffs must do so by use of one of two standards: (1) "identify a specific area where barriers exist, for example a bedroom," or (2) "identify each barrier presented by an architectural feature with enough specificity to preclude the plaintiff from later alleging a different barrier stemming from the same feature," for example the sidewalk in front of a specific store.  *Polanco Enterprises*, 2013 WL 4520253 at \*5.  Here, the vagueness and ambiguity of the alleged violations of the ADA in the Complaint render the alleged barriers so unintelligible as to fall below the minimum "notice pleading" standards set forth in Rule 8.  *See, e.g.*, *Chapman*, at 955 (finding that ADA complaint is deficient when it leaves "the federal court to guess which, if any, of the alleged violations deprived [the plaintiff] of the same full and equal access that a person who is not wheelchair bound would enjoy"); *Hernandez*, at \*5 (N.D. Cal. Aug. 23, 2013) ("Only barriers identified 'in the complaint itself' satisfy Rule 8").

Moreover, Plaintiffs fail to allege sufficient facts to show why the alleged barriers do not comply with the ADA or the California Building Codes.  *See Chapman*, at 954 ("A list of alleged violations cannot substitute for the factual allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact."); *see also Kalani v. Ave. Grill, Inc.*, 2016 WL 5402709, at \*4 (E.D. Cal. Sept. 28, 2016), report and recommendation adopted, 2017 WL 68360 (E.D. Cal. Jan. 6, 2017) ("Plaintiff offers no facts showing that the indoor seating was not accessible. He does not, for example, allege that there were no seating spaces that met the floor space clearance requirement of 30 x 48 inches, or that the knee spaces for the purportedly accessible seating spaces were not at least 27 inches high, and so on.").  Similarly, here, Plaintiffs allege in conclusory fashion that all of the Defendants failed to comply with the ADA and CDC because the "other barriers *may* exist at The Property." (emphasis added).  (Complaint at ¶ 35).  Plaintiffs

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

18

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

have improperly "offered legal conclusions that assert, in effect, that defendant has not complied with the law, rather than alleging facts which show that defendant has not complied with the law." *See Kalani*, at *4.

Count V for "Negligent Design and/or Construction" also fails to plead with the required level of specificity for an additional reason.   In general, an owner, lessee, lessor, or operator of a noncompliant public accommodation can be liable under Title III of the ADA for the "design and construct" discrimination described in § 12183(a).  *Lonberg v. Sanborn Theaters Inc.*, 259 F.3d 1029, 1036 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc*, 271 F.3d 953 (9th Cir. 2001).  However, here, Plaintiffs have failed to identify with any specificity, which specific areas were allegedly "designed and constructed" by SPG.   Instead, Plaintiffs vaguely conclude that *all* of the Defendants "designed and constructed improvements" on or near the Shopping Center.  (Complaint at ¶ 65).  From Plaintiffs' allegations, SPG cannot determine which areas are being referred to.  More importantly perhaps, Plaintiffs set forth no allegations to show that SPG — a real estate investment trust — actually "designed and constructed" anything.

In light of the foregoing, the Complaint has not been pled with the required level of specificity.  Indeed, Federal courts have ordered ADA plaintiffs to file more definite statements when, as here, alleged barriers are vaguely pled.  Should the court dismiss the Complaint without prejudice, it should impose conditions similar to those in *Walden* because the opinion stands for the proposition that standing is essentially determined by a "snapshot" as of the date the complaint is filed.  The *Walden* rationale is sound because it prevents plaintiffs from revisiting a public accommodation after suit has been filed in order to drum up standing to gain entry into federal court.  The Court should adopt the *Walden* rationale as its own.

### 2.    There is No Negligence Per Se Under the ADA.

Count IV for Negligence Per Se also fails to state a cause of action for an additional reason. Count IV is based upon a purported violation of the ADA.  However, a purported violation of the ADA is not evidence of negligence *per se* as alleged by Plaintiff.  Rather, the failure of a party to meet the ADA accessibility standards is merely *evidence* of negligence, but not negligence *per se*.  *See e.g. Meyers v. City of Jacksonville*, 754 So. 2d 198 (Fla. 1st DCA

2000) (Plaintiff's claim is based upon common law negligence, not the ADA.  Plaintiff merely offered compliance with federal act as one measure of the reasonable standard of care); *Theatre Mgmt. Group, Inc. v. Dalgliessh*, 765 A.2d 986 (D.C. Cir. 2000) (upholding court decision to admit ADA standards as evidence of care).  Thus, while allegations regarding a purported non-compliance with the ADA may be offered as potential evidence regarding the standard of care in a negligence action, such allegations are insufficient to form the basis of a cause of action for negligence *per se*.

### 3.    There is No Independent Basis for Jurisdiction Over State Claims.

As an alternative basis for dismissal of claims based on California state law, the Court should decline to exercise supplemental jurisdiction over the claims in Counts II-V of the Complaint.  In the absence of the ADA claims, there is no other claim over which the Court has original jurisdiction.  *See* 28 U.S.C. § 1367(c)(3).  Plaintiffs only jurisdictional linchpin to this forum is through 28 U.S.C. § 1331.  "When deciding whether to exercise supplemental jurisdiction, the Court considers judicial economy, convenience and fairness to litigants, and comity with state courts." *Kohler v. Flava Enterprises, Inc.*, 826 F. Supp. 2d 1221, 1232 (S.D. Cal. 2011), *aff'd*, 779 F.3d 1016 (9th Cir. 2015).  In *Kohler*, the court granted summary judgment for the defendant on plaintiff's ADA claims, leaving only a state law claim regarding a purported violation of California Health and Safety Code.  The Court explained that "there are no remaining claims over which [it] has original jurisdiction.  The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim."  "Where federal claims have been dismissed, the balance of factors usually tips in favor of declining to exercise jurisdiction over the remaining state law claims and dismissing them without prejudice." *Id.*  Here, the Court should dismiss the ADA claims, and because this action is in its infancy and no discovery has yet occurred, judicial economy and convenience do not counsel towards the Court exercising supplemental jurisdiction.  Accordingly, in the absence of the ADA claim, the Court should also dismiss Plaintiffs' claims that are based on California state law.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**VI.   CONCLUSION**

The Complaint should be dismissed under Rule 12(b)(1) because Plaintiffs' allegations fail to establish Article III standing.  The Complaint should also be  dismissed under Rule 12(b)(6) and Rule 8 because the Complaint fails to state a cause or action and the Complaint fails to plead with the level of specificity required by well-settled federal law.  Finally, because the ADA claims are subject to dismissal, the related California state law claims should also be dismissed.  For these reasons, SPG respectfully requests that the Court dismiss the Complaint, award SPG its costs of suit, including attorneys' fees, and grant SPG any other relief that the Court deems appropriate.

Dated:    January 16, 2019               Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:    */s/ Ryan D. Fischbach*
            RYAN D. FISCHBACH

*Attorneys for Defendant*
SIMON PROPERTY GROUP, INC.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES