Lew Van Blois, Esq. (SBN 38912)
Michael Gatto, Esq. (SBN 196474)
VAN BLOIS & ASSOCIATES
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: (510) 635-1284
Facsimile: (510) 635-1516

Steven L. Derby, Esq. (SBN 148372)
Anthony E. Goldsmith, Esq. (SBN 125621)
DERBY McGUINNESS & GOLDSMITH LLP
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
Email: info@dmglawfirm.com

Attorney for Plaintiffs
PATRICIA AND PETER ZALES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ZALES AND PETER ZALES<br><br>Plaintiffs,<br><br>v.<br><br>SIMON PROPERTY GROUP, INC. a Delaware Corporation; SPG CENTER, LLC; MACY'S CALIFORNIA, INC. a Delaware Corporation, MACY'S WEST STORES, INC. and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO. 3:18-cv-06403-RS<br><br>Civil Rights<br><br>**FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a), *et seq.*]**<br>2. **Denial of Full and Equal Access [Cal. Civil Code §§ 54 And 54.1]**<br>3. **Violation of § 51 of the California Civil Code**<br>4. **Negligence Per Se –Violations of ADA and CBC**<br>5. **Negligent Design and/or Construction**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs PATRICIA ZALES AND PETER ZALES (hereinafter referred to as "Plaintiffs") complains of Defendants SIMON PROPERTY GROUP, INC. a Delaware Corporation; SPG CENTER, LLC; MACY'S CALIFORNIA, INC., a Delaware Corporation,

1

MACY'S WEST STORES, INC. and DOES 1-100, inclusive, and each of them, (hereinafter collectively referred to as "Defendants") and allege as follows:

## INTRODUCTION

1.      This case involves the denial of accessible paths of travel, doors, and facilities to Plaintiff PATRICIA ZALES, a qualified person with a disability, which were designed and/ or constructed and/ or owned and/or operated and/or maintained and/or inspected and/or subject to modifications and alterations by Defendants; Plaintiff was also subjected to and severely injured by hazardous and inaccessible conditions created or allowed to exist by such Defendants in the front door leading into Macy' Department Store located at 300 Stanford Shopping Center, Palo Alto, California (hereinafter "Macy's") owned and/or operated by Defendants Macy's and Simon Property Group, Inc.  Specifically, on **April 30, 2018**, Plaintiff struck by an entrance door at Macy's. Plaintiff was pushed forward, fell and suffered serious personal injuries including a fractured hip that required surgical repair. Additionally, Plaintiff is informed and believes, and based thereon alleges, that there are other inaccessible facilities, features, elements, and conditions on or near Stanford Shopping Center, located at 660 Stanford Shopping Center, Palo Alto, California (hereinafter "The Property"), all of which prevent Plaintiff PATRICIA ZALES from returning in violation of State and federal law, as well as posing a hazard to Plaintiff PATRICIA ZALES and other similarly-situated persons.

2.      At all times herein mentioned, Plaintiff PATRICIA ZALES was and is a "person with a disability" or "physically handicapped person," who is mobility impaired, and unable to safely use portions of walkways, sidewalks, doors, and other public facilities that are not fully accessible to physically disabled persons.

3.      Plaintiff PATRICIA ZALES seeks injunctive relief, recovery of damages for both the personal injuries she incurred and the violation of her civil rights, and recovery of reasonable attorney fees, litigation expenses, and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction of this action, pursuant to:  (a) 28 USC section 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the

2

"ADA"), 42 U.S.C. sections 12101 *et seq.*; (b) 28 U.S.C. section 1343(3) and (c) 28 U.S.C.

section 1367(a) for supplemental jurisdiction over attendant and related causes of action arising

from the same nucleus of facts and brought under California law, including, but not limited to,

violations of California Civil Code sections 51, 54, 54.1 and common law negligence.  This court

also has jurisdiction over Plaintiff' claims for declaratory or injunctive relief, pursuant to the

ADA, 28 U.S.C. section 2202 and Rule 65 of the Federal Rules of Civil Procedure, and State law

authorizing injunctive relief.

5.      Venue is proper in this court, pursuant to 28 U.S.C. section 1391(b)(2) and 28

U.S.C.  section 1391(c) (2) because the subject property is situated in this district and

consequently the injury to Plaintiff PATRICIA ZALES occurred in this District.

**PARTIES**

6.      Plaintiff PATRICIA ZALES is, and at all times relevant to this Complaint was, a

"physically disabled person" and a "person with disabilities," as these terms are used under

California law and under federal laws, including, but not limited to, the ADA.  The terms

"physically disabled person," "person with a disability," and a "person with disabilities" will be

used interchangeably throughout this Complaint.  Ms. Zales requires, the use of a cane, walker or

other mobility assistive device to ambulate outside her home, as well as for many daily activities

of living at home.

7.      Plaintiff PETER ZALES is and at all times relevant herein was the lawful wedded

spouse of Plaintiff PATRICIA ZALES and due to the severe nature of the injuries to his wife and

his own serious illness, Plaintiff PETER ZALES has suffered the loss of his wife's, comfort,

support, care, companionship and assistance with the family home among other losses to be

proven at trial.

8.      Defendant SIMON PROPERTY GROUP, INC. a Delaware Corporation and SPG

CENTER, LLC are, according to public records, each the owner and operator of the Stanford

Shopping Center located at 660 Stanford Shopping Center, Palo Alto, California.

9.      Defendant MACY'S CALIFORNIA, INC., a Delaware Corporation and MACY'S

WEST STORES, INC., an Ohio Corporation is each, the owner operator of the Macy's

1   Department Store in the Stanford Shopping Center, located at 300 Stanford Shopping Center,

2   Palo Alto, California and, on information and belief a tenant of Defendant SIMON PROPERTY

3   GROUP, INC. and/or SPG CENTER, LLC.

4          10.     Plaintiffs are presently unaware of the true names and capacities of those sued

5   herein as DOE 1 through DOE 100 and therefore name such Defendants in this action by a

6   fictitious name.  Plaintiffs will seek to amend this complaint to insert the true names and

7   capacities of such fictitiously-named Defendants when ascertained together with such additional

8   facts as have been ascertained.  Plaintiffs allege that each such fictitiously-named Defendant is in

9   some manner legally responsible for the harms and losses alleged herein and answerable for some

10  or all of the relief sought herein.

11         11.     Based on information and belief, Plaintiffs allege that all of the named Defendants

12  and DOE Defendants (hereinafter "defendants") were negligent in connection with the manner in

13  which they designed and/or constructed and/or modified and/or maintained and/or inspected

14  and/or owned, and/or operated and/or exerted control over the design, construction, maintenance,

15  inspection, or modification, and/or alteration of the area where Plaintiff PATRICIA ZALES was

16  injured.

17         12.     Plaintiffs do not know the respective roles played by the Defendants with respect

18  to the design, construction, modification, alteration, maintenance, or inspection of Macy's and

19  The Property, and allege a joint venture and common enterprise by Defendants in the ownership

20  and/or operation of The Property.

21         13.     Plaintiffs are informed and believe and on such basis allege that each of the

22  Defendants herein is the agent, servant, employee, representative, joint venturer and/or common

23  enterprise affiliate of each of the other defendants, and performed all acts and omissions stated

24  herein within the scope of such agency or employment or representative capacity or joint venture

25  or common enterprise, and is responsible, in some manner, for the acts and omissions of the other

26  Defendants in proximately and legally causing the damages complained of herein.

27         14.     Plaintiffs are informed and believe, and on such a basis allege, that each of the

28  named Defendants and each of the fictitiously named Defendants are and all at times herein

relevant were the alter ego of each of the other co-Defendants such that adherence to the fiction of the separate existence of these certain defendants as an entity distinct from certain other Defendants would permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

15.     This complaint is pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS

16.     On April 30, 2018, Plaintiff PATRICIA ZALES went to Macy's with the intent to patronize the store, browse goods for sale and potentially make purchases. Plaintiff was struck by a door connecting the Macy's store to the common interior pathway connecting the Macy's store to common paths of travel and accessible parking ("the door") which knocked her to the ground fracturing her hip among other serious injuries.

17.     On information and belief, following the incident, an inspector for the City of Palo Alto came to the scene, tested the door for compliance with applicable access standards including Cal. Code of Regs. Title 24 (sometimes called the California Building Code "CBC"). Finding the door did not comply with the CBC including but not limited to Chapter 11B, Section 404.2.8.1 the inspector ordered the door be removed or remediated.

18.     Plaintiffs are further informed and believe and thereon allege that the door was taken out of service and replaced by Defendants.

19.     Before the door was removed and replaced, however, Plaintiffs' son was able to return to the scene and photo document the condition of the door including the timing of the door swing and the force of its swing which, on information and belief, did not comply with applicable access regulations under state and federal law (including but not limited to those set forth above) as well as 28 CFR Part 36, Sections 404.2.8.1 and 404.2.9.1

20.     Plaintiff PATRICIA ZALES was taken by ambulance to the hospital for emergency medical treatment. Physicians diagnosed a right subtrochanteric femoral fracture, among other injuries. Plaintiff underwent open reduction and internal fixation with implantation

of hardware. Plaintiff remained hospitalized until stable to enter subacute rehabilitation. Next, Plaintiff remained at subacute rehabilitation until safe to return to her residence. Plaintiff continued to and continues to require attendant care. Plaintiff's rehabilitation is expected to take approximately one year.

21.     On information and belief, Plaintiffs allege that Defendants designed, and/or constructed, and/or modified, and/or maintained (or had a duty to maintain), and/or inspected, and/or owned, and/or operated, and/or exerted control over the design, construction, maintenance, inspection or modification of Macy's doors, The Property where Plaintiff PATRICIA ZALES was injured or some portion thereof, or had a duty to do so.

22.     There were no signs that warned of the dangerous conditions that caused Plaintiff's injuries, so as to provide Plaintiff adequate time to prepare for and/or avoid the dangerous condition.

23.     Plaintiff PATRICIA ZALES sustained the injuries and losses described herein as a result of the negligence and violation of disabled access and safety standards protecting disabled persons and others by Defendants and their employees and/or agents and/or contractor(s) and/ or subcontractors, and the acts and omissions of Defendants and their employees and/or agents and/or contractors and/ or subcontractors were a substantial factor in causing Plaintiff' injuries and other damages.

24.     As a result of the aforementioned incident, Plaintiff PATRICIA ZALES sustained serious and permanent injuries to her body and mind.  Plaintiff has been compelled to incur obligations for, *inter alia*, medical care, medicines, medical imaging, hospitalization, surgery, and related care, as well as assistance with activities of daily living, and will, in the future, be compelled to incur additional such obligations.

25.     Defendants have also forced Plaintiff PATRICIA ZALES to suffer (in addition to the injuries and losses described herein), a denial of her civil rights, including the denial to her right to full and equal access to The Property as a public accommodation all to Plaintiff's general, special, and statutory damages.  Moreover, Plaintiff has been deterred from returning to The Property due to the lack of safe doors and other access violations and thus continues to suffer

1   denial of her civil rights to full and equal access to The Property.  Plaintiff will continue to suffer

2   deterrence and deprivation of her civil rights until Defendants provide and maintain safe and

3   accessible doors, paths of travel and remedy the other access violations at The Property.

4          26.     On information and belief, Plaintiffs allege that at all relevant times herein

5   mentioned, Defendants had actual and/or constructive knowledge of the dangerous conditions and

6   the risk of injury of the type suffered by Plaintiff PATRICIA ZALES, with sufficient time to

7   eliminate the defects and dangers in question and failed to eliminate said defects and dangers.

8   The area where Plaintiff PATRICIA ZALES was injured, and its signing, configuration, and

9   construction, resulted from illegal, negligent, inadequate, and/or incomplete design, and/or

10  construction, and/or maintenance, and/or modification or alteration, and/or inspection, and/or

11  other unusual conditions, in conjunction with a lack of warnings.  Given what the Defendants

12  knew or should have known about the conditions of use, the area where Plaintiff PATRICIA

13  ZALES was injured constituted a trap for elderly, and disabled patrons, and exposed elderly and

14  disabled patrons, including Plaintiff, and others to a significant risk of being injured by the

15  dangerous conditions set forth above.  Though the dangerous conditions posed a special and

16  unique risk to the elderly and disabled, the conditions at the location where Plaintiff PATRICIA

17  ZALES was injured, were and remain so hazardous as to pose a danger to any member of the

18  general public when using the same entryway attempted by Plaintiff PATRICIA ZALES when

19  she was injured.

20         27.     As a direct and proximate result of each Defendant's acts and/or omissions as set

21  forth above, Plaintiff PATRICIA ZALES, sustained the following injuries and damages, past and

22  future, including, but not limited to:

23              a.   Economic damages, including, but not limited to, out of pocket expenses, and

24                   ambulance, hospital, and medical expenses – past and future;

25              b.   Extreme physical pain and suffering;

26              c.   Permanent disabilities requiring ongoing medical care, rehabilitation, and

27                   assistance with all activities of daily living, *inter alia;*

28              d.   Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of

1       liberty;

2           e.   Loss of enjoyment of life and pain and suffering;

3           f.   All other legally cognizable special and general damages;

4           g.   Violations and deprivations of state and federal disability rights; and

5           h.   All damages and penalties recoverable under California Civil Code §§ 51 and

6               54.1, California Code of Civil Procedure §1021.5 and as otherwise allowed under

7               California and United States statutes, codes, and common law.

8                                   **FIRST CLAIM**
                                **AGAINST DEFENDANTS**
9       **(By Plaintiff PATRICIA ZALES for Discriminatory Practices in Public Accommodations;
        Violation of the Americans with Disabilities Act of 1990)**

10

11          28.    Based on the facts and allegations pled in Paragraphs 1 through 27 above (which

12   Plaintiffs re-plead and incorporate herein by reference), Plaintiff PATRICIA ZALES was

13   denied full and equal enjoyment of and access to Defendants' goods, services, facilities,

14   privileges, advantages or accommodations in violation of the ADA.  Plaintiff alleges that each

15   defendant owns, leases and/or operates a public accommodation as defined in 42 U.S.C. section

16   12181(7).  The condition of Defendants' property and/or the manner in which Defendants

17   provided services failed to provide full and equal access to Defendants' goods and services in

18   public accommodations as required generally by the provisions of 42 U.S.C. sections 12182(a)

19   and 12182(b)(1)(A).  As set forth in this Complaint, Plaintiff was specifically subjected to

20   discrimination in violation of 42 U.S.C. sections 12182(b)(2)(A)(iv); 12182(b)(2)(A)(v);

21   12182(b)(2)(A)(iii); 12183 and 12188 because Plaintiff was denied equal access to and

22   enjoyment of The Restaurant and The Property.

23          29.    Plaintiff has physical disabilities as alleged above because Plaintiff's conditions

24   affect one or more of the following body systems: Neurological, musculoskeletal and/or

25   cardiovascular.  Further, Plaintiff's physical impairments substantially limit major life activities;

26   including standing and walking.  Plaintiff cannot perform the above-noted major life activities

27   in the manner, speed and duration when compared to the average person.  Moreover, Plaintiff

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  has a history of or has been diagnosed and/or classified as having a physical impairment as

2  required by 42 U.S.C. section 12102(2)(A).

3       30.     One of the specific prohibitions against discrimination under the ADA is set forth

4  in 42 U.S.C. section 12182(b)(2)(A)(iv).  That section prohibits, in pertinent part: "A failure to

5  remove architectural barriers, and communication barriers that are structural in nature, in

6  existing facilities ... where such removal is readily achievable."

7       31.     Plaintiff alleges that the remediating each of the specific barriers that Plaintiff

8  encountered as set forth above and that otherwise exist, was at all times, "readily achievable"

9  pursuant to the factors set forth in the ADA and the applicable regulations adopted by the

10  United States Department of Justice under the ADA (said regulations being set forth in 28

11  C.F.R. Part 36).  Further, assuming, *arguendo*, that Defendants were able to meet their burden

12  of proof that the remediation and repair of the defined architectural barriers (or any of them)

13  was or is not "readily achievable," Defendants have conspicuously failed to make their goods,

14  services, facilities, privileges, advantages and/or accommodations available through alternative

15  readily achievable means pursuant to the requirements of 42 U.S.C. section 12182(b)(2)(A)(v).

16       32.     The specific prohibitions against discrimination under the ADA, as set forth in 42

17  U.S.C. section 12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable

18  modifications in policies, practices and procedures when such modifications are necessary to

19  afford such goods, services, facilities, privileges, advantages or accommodations to individuals

20  with disabilities."

21       33.     Based on the facts and allegations pled herein, Defendants failed and refused to

22  reasonably modify their policies, practices and procedures in that they failed to have a scheme,

23  plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing

24  defendants' services, facilities, privileges, advantages or accommodations, as required by the

25  ADA.  Additionally, Defendants conspicuously failed to adopt required policies and procedures

26  to allow people with disabilities to effectively navigate Macy's and The Property.

27       34.     Plaintiff is informed and believes and based thereon alleges that Macy's and/or

28  The Property (or relevant portions thereof) were designed and constructed for first occupancy

after January 26, 1993.  In this regard, 42 U.S.C. section 12183(a)(1) states that a failure to design and construct covered public accommodation buildings and facilities that are readily accessible to and useable by people with disabilities, as required by the ADA and the regulation enacted thereunder in 28 C.F.R. Part 36, is discriminatory and violates the ADA.  Plaintiff is informed and believes and based thereon alleges that Defendants have modified and altered Macy's and/or The Property on or after January 26, 1992, in a manner that affects the usability and accessibility of Macy's and/or The Property.  The ADA specifically prohibits discrimination against persons with disabilities in the construction and alteration of public accommodations.  In this regard, 42 U.S.C. section 12183(a)(2) as enforceable at the time of the incidents described herein prohibits:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for and referenced in 42 U.S.C. section 12183(a)(2).  As enforceable at the time of the incidents alleged herein, section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> (a)  General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

> (2)  An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.

> (b)  Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.

> (1)  Alterations include, but are not limited to, remodeling,

10

renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...

        (2)  If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel" accessibility work to be conducted in connection with certain alterations. That section, as enforceable at the time of the incidents alleged herein states, in pertinent part:

    (a)  General. An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

Section 36.403(e) defines a path of travel as follows:

    (e)  Path of Travel. (1) A 'path of travel' includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility.

    (2)  An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.

        (3)  For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

35.    Based on the facts and allegations pled at Paragraphs 1 through 34  above, and the facts elsewhere in this Complaint, Plaintiff PATRICIA ZALES was damaged and will suffer irreparable harm unless Defendants are ordered to discontinue business at the Macy's and/or The Property or: (i) remove architectural and other barriers at Macy's and The Property and otherwise obey the requirements of the ADA and (ii) adopt policies and procedures that comport with the requirements of the ADA with respect to the enjoyment of the facilities by guests with disabilities.  Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the

11

1    disability community.  Plaintiff alleges there is a national public interest in requiring

2    accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to

3    redress the discriminatory conduct of defendants.  Plaintiff PATRICIA ZALES lives within ten

4    (10) miles of The Property and was before her injury a regular patron of a number of stores on

5    The Property including Banana Republic, Urban Outfitters, Apple Store, Brooks Brothers,

6    Williams Sonoma, See's Candy, Sephora, Nordstroms, Crate & Barrel, Pottery Barn, Sprinklers,

7    J. Crew, Macy's and others. She desires to return to Defendants' place of business but is

8    deterred from doing so because of the barriers set forth herein.  Accordingly, Plaintiff alleges

9    that a prohibitory or mandatory injunction, including a paid monitor, is necessary to assure that

10   Defendants comply with the applicable requirements of the ADA.  Other access barriers may

11   exist at The Property.  Plaintiff will seek leave to amend this Complaint after a site survey of the

12   premises by her access consultant, pursuant to the 9th Circuit's holding in *Doran v. 7-Eleven,*

13   *Inc.*, 524 F.3d 1034 (9th Cir. 2008).

14          WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally, as set

15   forth below.

16                               **SECOND CLAIM**
                          **AGAINST DEFENDANTS**
17   **(By Plaintiff PATRICIA ZALES for Denial of Full and Equal Access in Violation of**
                    **California Civil Code Sections 54 and 54.1)**
18

19          36.    Based on the facts and allegations pled in Paragraphs 1 through 35 above and

20   elsewhere in this Complaint (which Plaintiff re-plead and incorporate herein by reference),

21   Plaintiff PATRICIA ZALES alleges that Defendants have discriminated against Plaintiff and

22   violated Plaintiff's rights under sections 54 and 54.1 of the California Civil Code.  At all times

23   relevant to this Action, California Civil Code sections 54 and 54.1 have provided that physically

24   disabled persons are not to be discriminated against because of their physical disabilities and

25   that they shall have full and equal use of public facilities and other public places.

26          37.    Section 54(a) of the California Civil Code states that individuals with disabilities

27   or medical conditions have the same right as the general public to the full and free use of the

28   streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals,

                                              12

clinics and physicians' offices, public facilities and other public places.

38.     Plaintiff is an individual with a disability as defined in California Government Code section 12926.

39.     California Civil Code section 54.1 (a)(1) provides, in pertinent part, as follows:

> 54.1(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

40.     California Health & Safety Code section 19955 provides, in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part 'public accommodation or facilities' means a building, structure, facility, complex or improved area which is used by the general public... When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities they shall be made available for the handicapped.

41.     California Health & Safety Code section 19956, which is in the same Chapter as section 19955, provides, in pertinent part: "All public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code."

42.     California Health & Safety Code section 19956 became operative on July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

43.     Plaintiff is informed and believes and based thereon alleges, that Macy's and/or the Property was constructed and/or has been substantially altered or modified after July 1, 1970.

44.     Pursuant to the authority delegated by Government Code section 4450, *et seq.*, the California State Architect promulgated regulations for the enforcement of the aforementioned provisions of the Health & Safety Code and the Government Code.  Since July 1, 1970, the State Architect has developed and modified building regulations as set forth in the current version of the California Building Code and its antecedents (Title 24-2 of the California Code of Regulations).

13

45.     Plaintiff is informed and believes, and based thereon alleges, that the construction, alterations, remodeling and renovations that have been conducted since July 1, 1970, were conducted in violation of the above provisions of California law and the CBC.

46.     A violation of the above referenced sections of the Health & Safety Code and the Title 24 regulations adopted thereunder constitutes a violation of the general anti-discrimination provisions Civil Code sections 51(b), 54 and 54.1.

47.     Each violation of the Americans With Disabilities Act of 1990 also constitutes a violation of sections 51(f), 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.  Plaintiff alleges that she has been denied such full and equal access as required by California law which incorporates Title III of the ADA.

48.     Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in sections 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

49.     The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the Property and the goods and services offered there and have caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint.

WHEREFORE, Plaintiff pray for relief against Defendants, jointly and severally, as set forth below.

**THIRD CLAIM**
**AGAINST DEFENDANTS**
**(By Plaintiff PATRICIA ZALES for Violation of**
**Section 51 of the California Civil Code)**

50.     Plaintiff hereby incorporates and re-alleges paragraphs 1 through 49 of the complaint.

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

51.     At all times relevant to this action, section 51 of the California Civil Code has provided that physically disabled persons are not to be discriminated against because of their physical disabilities.  Based on the facts and allegations pled at Paragraphs 1 through 49 above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff PATRICIA ZALES alleges that defendants have discriminated against Plaintiff and violated Plaintiff's rights under section 51 of the California Civil Code.

52.     Plaintiff is a disabled person or has a disability as defined by section 12926 of the California Government Code.

53.     California Civil Code section 51(b) provides, in pertinent part:

(b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever

54.     Section 51(f) of the California Civil Code states that a violation of the ADA also constitutes a violation of California Civil Code section 51.

55.     Section 52(a) of the California Civil Code provides as follows:

(a)     Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

56.     The barriers to access complained of herein as well as the failures to adopt and modify policies and procedures are patent (and in some cases absolute) barriers to people with mobility disabilities and are of an obvious and intuitive nature and demonstrate an intent to deny Plaintiff's rights.  Parties who own and/or operate large shopping centers and gyms are familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by the ADA. Plaintiff's damages resulted from defendants' intentional acts and omissions.

WHEREFORE, Plaintiff prays for relief against Defendants, jointly and severally, as set forth below.

## FOURTH CLAIM
## AGAINST ALL DEFENDANTS
### (Negligence Per Se –Violations of ADA and CBC)

57.     Plaintiffs hereby incorporate every allegation set forth in paragraphs 1 through 56 of their complaint.

58.     Plaintiffs are informed, believe and thereon allege that Defendants own, maintain, lease, rent, possess, operate and/or manage real property adjacent to the entryway, and sidewalk upon which Plaintiff PATRICIA ZALES suffered her fall and injury as alleged above.

59.     Plaintiffs are informed, believes and thereon allege that said Defendants operate and maintain the aforementioned property as a "place of public accommodation" as defined in Title III of the Americans with Disabilities Act.

60.     Said Defendants and each of them failed to provide access consistent with the standards required by Title III of the Americans with Disabilities Act, including but not limited to, 28 Code Federal Regulations (C.F.R.) Part 36, App. A (sometimes called the ADA Standards for Accessible Design) by, including but not limited to, failing to provide a safe and accessible path of travel (see 28 C.F.R. Part 36, App. A section 4.3.2) from their respective businesses to public street parking and public transportation by failing to comply with door and gate closing speed required to be accessible contrary to California Building Code 11B-404.2.8.2; 28 C.F.R. Part 36, App. A, sections 404.2.8.1 and 404.2.9 .7 among other standards and regulations.

61.     Said Defendants and each of them failed to provide access consistent with the standards required by the CBC by, among other things, failing to provide an accessible path of travel (See C.C.R. Title 24, Section 1110A.1) from their respective businesses to public street parking and public transportation by failing to comply with door and gate closing speed required to be accessible contrary to CBC Chapter 11B, section 404.2.8.2; 28 CFR Part 36 App. A sections 404.2.8.1 and 404.2.9 among other standards and regulations.

62.     As a result of the failure of said Defendants to comply with the foregoing standards of accessibility (1) designed for the safety of the public in general and disabled persons like Plaintiff PATRICIA ZALES in particular and (2) designed in order to prevent harm to disabled persons such as Plaintiff PATRICIA ZALES, said Defendants have breached a duty of

16

1   care owed to Plaintiffs herein.

2       63.     Because of the aforementioned breach of duty of care by said Defendants,

3   Plaintiffs have suffered and will continue to suffer the harms and losses set forth above.

4       WHEREFORE, Plaintiffs pray for relief against Defendants, jointly and severally, as set

5   forth below.

6                               **FIFTH CLAIM**
                            **AGAINST DEFENDANTS**
7                    **(Negligent Design and/or Construction)**

8       64.     Plaintiffs hereby incorporate every allegation set forth in paragraphs 1 through 63

9   and of her complaint as if more fully set forth herein.

10      65.     Within the last ten (10) years, Defendants and each of them designed and

11  constructed improvements on The Property which included the walkway, entryway, doors, curb

12  cuts, flares and other design features of the accessible path required by state and federal access

13  laws as alleged above.

14      66.     Said improvements were required to comply with then-existing building codes,

15  local ordinances and accessibility requirements as dictated by state and federal law.

16      67.     Due to the negligence and breach of duty by Defendants, as set forth above, said

17  improvements did not comply in their as-built state to such building codes, local ordinances and

18  accessibility requirements and contained one or more latent defects which resulted in the harms

19  and losses to Plaintiff as more particularly set forth above.

20      68.     Due to the negligence and breach of duty by Defendants, as set forth above, said

21  improvements contained one or more latent defects not readily apparent to the average person

22  which resulted in the defects referenced above and the harms and losses to Plaintiff as alleged

23  herein.

24      WHEREFORE, Plaintiffs pray for relief against Defendants, jointly and severally, as set

25  forth below.

26                          **PRAYER FOR RELIEF**

27      A.      For general and special damages pursuant to California Civil Code sections 52,

28  54.3, 3281 and 3333, and/or under common law as may be appropriate;

B.      For a trebling of actual damages to Plaintiff PATRICIA ZALES, but in no event less than $4,000 in damages pursuant to California Civil Code section 52 for each and every violation of California Civil Code section 51;

C.      In the alternative to the damages to Plaintiff PATRICIA ZALES pursuant to California Civil Code section 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages pursuant to California Civil Code section 54.3 for each and every violation of California Civil Code section 54.1 and/or California Civil Code section 54;

D.      For injunctive relief on behalf of Plaintiff PATRICIA ZALES pursuant to 42 U.S.C. section 12188 and section 52 of the California Civil Code.  Plaintiff requests that this Court enjoin Defendants from continuing to do business at the Macy's, and on The Property, prior to removing all architectural and policy barriers and otherwise complying with the ADA and California laws or in the alternative, that this Court issue a mandatory injunction requiring Defendants to immediately make The Property fully accessible to people with disabilities, all in compliance with the standards set forth in the ADAAS and the CBC.  Plaintiff does not request any injunctive relief pursuant to section 55 of the California Civil Code or section 19953 of the California Health & Safety Code;

E.      For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil Code §52; California Civil Code §54.3, California Code of Civil Procedure §1021.5; and

F.      For such other and further relief as the Court deems proper.

Date: January 28, 2019                           **DERBY, McGUINNESS & GOLDSMITH, LLP**

_____*/s/ Steven L. Derby*_____
By STEVEN L. DERBY, Esq.
Attorneys for Plaintiff

1

## DEMAND FOR JURY

2        Plaintiff hereby demand a jury for all claims for which a jury is permitted.

3
Date: January 28, 2019                    DERBY, McGUINNESS & GOLDSMITH, LLP
4

5                                              _____*/s/ Steven L. Derby*_____
                                              By STEVEN L. DERBY, Esq.
6                                              Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES