David V. Roth (State Bar No. 194648)
  dvr@manningllp.com
Arthur Khurin (State Bar No. 305421)
  axk@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
One California Street, Suite 900
San Francisco, California 94111
Telephone: (415) 217-6990
Facsimile: (415) 217-6999

Attorneys for MACY'S WEST STORES, INC. (erroneously sued herein as MACY'S CALIFORNIA, INC.) and SIMON PROPERTY GROUP, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICIA ZALES and PETER ZALES,<br><br>    Plaintiffs,<br><br>v.<br><br>SIMON PROPERTY GROUP, INC. a Delaware Corporation; MACY'S CALIFORNIA, INC. a Delaware Corporation and DOES 1-100, Inclusive,<br><br>    Defendants. | Case No. 18-cv-06403-NC<br><br>Hon. Judge Nathanael M. Cousins<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendants MACY'S CALIFORNIA, INC. (erroneously sued herein as MACY'S CALIFORNIA, INC.) and SIMON PROPERTY GROUP, INC. ("defendants") respond to Plaintiffs' PATRICIA ZALES and PETER ZALES ("plaintiffs") First Amended Complaint for Damages and Injunctive Relief filed on January 28, 2019 as follows:

### INTRODUCTION

1. Answering Paragraph 1 of plaintiffs' First Amended Complaint, defendants admit that Macy's Department Store is located at 300 Stanford Shopping Center in Palo Alto, California, but denies that plaintiffs have stated any claim for relief and denies that plaintiffs are entitled to any type of relief.

2. Answering Paragraph 2 of plaintiffs' First Amended Complaint, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis denies them.

3. Answering Paragraph 3 of plaintiffs' First Amended Complaint, defendants admit that plaintiffs are seeking injunctive relief, recovery of damages for both the personal injuries she incurred and the violation of her civil rights, and recovery of reasonable attorney's fees, litigation expenses, and costs, but deny that plaintiffs are entitled to any type of relief. Except as so stated, Defendants deny each and every one of the remaining allegations in the paragraph.

## JURISDICTION AND VENUE

4. Answering Paragraph 4 of plaintiffs' First Amended Complaint, defendants admits that this Court has subject matter jurisdiction of this action, pursuant to: (a) 28 USC section 1331, but deny that defendants violated the American with Disabilities Act of 1990. Defendants admit that this court has subject matter jurisdiction pursuant to 42 U.S.C. sections 12101 et seq. Defendants admit that this court has subject matter jurisdiction over plaintiffs' claim for declaratory or injunctive relief pursuant to the ADA, 28 U.S.C section 1391(c)(2). Except as so stated, Defendants deny each and every one of the remaining allegations in the paragraph.

5. Answering Paragraph 5 of plaintiffs' First Amended Complaint, defendants admit venue is proper in this Court, but defendants deny each and every one of the remaining allegations in the paragraph.

## PARTIES

6. Answering Paragraph 6 of plaintiffs' First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in said paragraph, and on that basis, denies each and every remaining allegation contained therein.

7. Answering Paragraph 7 of plaintiffs' First Amended Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in said paragraph, and on that basis, denies each and every allegation contained therein.

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

8.   Answering Paragraph 8 of plaintiffs' First Amended Complaint, defendants admit that Simon Property Group, Inc. is a Delaware Corporation and the owner and operator of the Stanford Shopping Center located at 660 Stanford Shopping Center in Palo Alto, California.

9.   Answering Paragraph 9 of plaintiffs' First Amended Complaint, defendants deny that Macy's California, Inc. is a Delaware Corporation which is the owner operator of the Macy's Department Store in the Stanford Shopping Center, located at 300 Stanford Shopping Center in Palo Alto, California and a tenant of Defendant Simon Property Group, Inc.  Defendants admit that Macy's West Stores, Inc. is a Delaware Corporation which is the owner operator of the Macy's Department Store in the Stanford Shopping Center, located at 300 Stanford Shopping Center in Palo Alto, California and a tenant of Defendant Simon Property Group, Inc.

10.   Answering Paragraph 10 of plaintiffs' First Amended Complaint, defendants admit that plaintiffs purport potential Doe defendants.

11.   Answering Paragraph 11 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained herein.

12.   Answering Paragraph 12 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained herein.

13.   Answering Paragraph 13 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained herein.

14.   Answering Paragraph 14 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained herein.

15.   Answering Paragraph 15 of plaintiffs' First Amended Complaint, defendants admit that plaintiff in the complaint pleaded Rule 8(d)(2) of the Federal Rules of Civil Procedure, but deny that plaintiffs are entitled to such relief.  Defendants deny the remaining allegations in this paragraph.

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**BASIS FOR COMPLAINT**

16. Answering Paragraph 16 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis denies them.

17. Answering Paragraph 17 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17, and on that basis deny them.

18. Answering Paragraph 18 of plaintiffs' First Amended Complaint, defendants admit that the door was replaced.

19. Answering Paragraph 19 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19, and on that basis deny them.

20. Answering Paragraph 20 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 20, and on that basis deny them.

21. Answering Paragraph 21 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 21, and on that basis deny them.

22. Answering Paragraph 22 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 22, and on that basis deny them.

23. Answering Paragraph 23 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 23, and on that basis deny them.

24. Answering Paragraph 24 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 24, and on that basis deny them.

25. Answering Paragraph 25 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25, and on that basis denies them.

26. Answering Paragraph 26 of the plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

27. Answering Paragraph 27 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 27, and on that basis deny them. Defendants admit that plaintiffs are seeking to recover and damages and penalties under California Civil Code Sections 51 and 54.1, California Code of Civil Procedure Section 1021.5 and the California and United States statutes, codes, and common law, but deny that plaintiffs are entitled to such relief.

## ANSWER TO FIRST CAUSE OF ACTION

### (Discriminatory Practices in Public Accommodations; Violation of the Americans with Disabilities Act of 1990)

28. Defendants reincorporate their response by reference to the responses set forth in the remainder of its answers.

29. Answering Paragraph 28 of the plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and 42 U.S.C. section 12181(7), 42 U.S.C. sections 12182(a), 12182(b)(1)(A), 12182(b)(2)(A)(iv), 12182(b)(2)(A)(v), 12182(b)(2)(A)(iii), 12183 and 12188 speak for itself.

30. Answering Paragraph 29 of plaintiffs' First Amended Complaint, defendants are

without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29, and on that basis deny them.

31. Answering Paragraph 30 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and 42 U.S.C. section 12182(b)(2)(A) speaks for itself.

32. Answering Paragraph 31 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and 42 U.S.C. section 12182(b)(2)(A)(v) speaks for itself. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of the remaining portions of paragraph 31, and on that basis deny them.

33. Answering Paragraph 32 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and 42 U.S.C. section 12182(b)(2)(A)(ii) speaks for itself.

34. Answering Paragraph 33 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

35. Answering Paragraph 34 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and 42 U.S.C. section 12183(a)(1), 42 U.S.C. section 12183(a)(2), and 28 C.F.R. Part 36 speak for itself. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 34, and on that basis deny them.

36. Answering Paragraph 35 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of the portions of paragraph 35, and on that basis denies them. Defendants deny that plaintiffs are entitled to any type of relief.

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

## ANSWER TO SECOND CAUSE OF ACTION

**(Denial of Full and Equal Access in Violation of California Civil Code Section 54 and 54.1)**

37. Defendants reincorporate their response by reference to the responses set forth in the remainder of its answers.

38. Answering Paragraph 36 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and Sections 54 and 54.1 of the California Civil Code speak for itself.

38. Answering Paragraph 37 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and Section 54(a) of the California Civil Code speaks for itself.

39. Answering Paragraph 38 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Government Section 12926 speaks for itself.

40. Answering Paragraph 39 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and Section 54(a)(1) of the California Civil Code speaks for itself.

41. Answering Paragraph 40 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Health and Safety Code Section 19955 speaks for itself.

42. Answering Paragraph 41 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Health and Safety Code Section 19956 speaks for itself.

43. Answering Paragraph 42 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Health and Safety Code

Section 19956 speaks for itself.

44. Answering Paragraph 43 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 43, and on that basis deny them.

45. Answering Paragraph 44 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and Government Code 4450, *et seq.*, speaks for itself.

46. Answering Paragraph 45 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

47. Answering Paragraph 46 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and Health and Safety Codes and Title 24 regulations as well as Civil Code sections 51(b), 54, and 54.1 speak for itself.

48. Answering Paragraph 47 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and American with Disabilities Act of 1990 and California Civil Code 51(f), 54(c), and 54.1(d) speak for itself. Defendants deny the remaining parts of the paragraph contained therein.

49. Answering Paragraph 48 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Civil Code 54.3, and 54 speak for itself.

50. Answering Paragraph 49 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

## ANSWER TO THIRD CAUSE OF ACTION

**(Section 51 of the California Civil Code)**

51. Defendants reincorporate their responses by reference to the responses set forth in

the remainder of its answers.

52. Answering Paragraph 50 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

53. Answering Paragraph 51 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Civil Code 51 speak for itself. Defendants deny the remaining allegations contained therein.

54. Answering Paragraph 52 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of the portions of paragraph 52, and on that basis deny them.

55. Answering Paragraph 53 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Civil Code 51(b) speaks for itself.

56. Answering Paragraph 54 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Civil Code 51(f) speaks for itself.

57. Answering Paragraph 55 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Civil Code 51(a) speaks for itself.

58. Answering Paragraph 56 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

## ANSWER TO FOURTH CAUSE OF ACTION

### (Negligence Per Se – Violations of ADA and CBC)

59. Defendants reincorporate their response by reference to the responses set forth in the remainder of its answers.

60. Answering Paragraph 57 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

61. Answering Paragraph 58 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 58, and on that basis deny them.

62. Answering Paragraph 59 of plaintiffs' First Amended Complaint, defendants admit that it operates the aforementioned property as a "place of public accommodations".

63. Answering Paragraph 60 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and Title III of the American with Disabilities Act, 28 C.F.R. Part 36, App. A. section 4.3.2, and the California Building Code 11B-404.2.8.2 speak for itself.

64. Answering Paragraph 61 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and C.C.R. Title 24, Sections 1110A.1, 28 C.F.R. Part 36, App. A., and the California Building Code 11B sections 404.2.8.2 speak for itself.

65. Answering Paragraph 62 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

66. Answering Paragraph 63 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

## ANSWER TO FIFTH CAUSE OF ACTION
### (Negligence Design and/or Construction)

67. Defendants reincorporate their response by reference to the responses set forth in the remainder of its answers.

68. Answering Paragraph 64 of plaintiffs' First Amended Complaint, defendants deny

each and every one of the allegations contained therein.

69. Answering Paragraph 65 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 65, and on that basis deny them.

70. Answering Paragraph 66 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 66, and on that basis deny them.

71. Answering Paragraph 67 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

72. Answering Paragraph 68 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

## RELIEF REQUESTED

73. Defendants deny that plaintiffs are entitled to the relief requested in Paragraphs 1 through 68 and Paragraphs A through F, inclusive, or to any relief in any manner or in any amount whatsoever.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs' Complaint and each cause of action therein fails to state a claim upon which relief can be granted.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs' causes of action are barred by the applicable statutes of limitation.

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs failed to timely and completely exhaust the required administrative remedies under the Americans with Disabilities Act.

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that all actions or omissions taken with regard to plaintiffs were taken in good faith and for lawful, nondiscriminatory business reasons.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that assuming, arguendo, any employee or agent of defendants engaged in any discrimination or other unlawful conduct toward plaintiffs, that conduct was contrary to defendants' express policies, occurred outside of the scope of any employment or agency relationship, and cannot be attributable to defendants.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that, assuming arguendo any employee of defendants engaged in any discrimination or other unlawful conduct toward plaintiffs, defendants neither knew nor reasonably should have known of the unlawful conduct and did not authorize, ratify or consent to any unlawful conduct.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that at no time did it act purposely, knowingly, deliberately, maliciously, oppressively, intentionally, willfully, wantonly, with any bad faith or with conscious or reckless disregard of plaintiffs' rights.

AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs' claims are barred by the equitable doctrines of unclean hands, estoppel, waiver, consent, and/or laches.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs have failed to state a claim for declaratory relief.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs have failed to state a claim for injunctive relief because plaintiffs have not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of defendants, nor is there any other threat of irreparable harm.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that it may not be liable for punitive and treble damages.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs have failed to state facts sufficient to state a claim for which exemplary or punitive damages or attorneys' fees may be granted under any statutory or common law provision.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that it may not be liable for any punitive or exemplary damages on the grounds that any award of punitive or exemplary damages in general and/or as applied to the facts of this specific action would violate defendants' constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that, if plaintiffs have obtained monies from other sources as compensation for any injury alleged in his Complaint, all such monies must be set off against any damages allegedly due plaintiff by defendant, if any.

AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that even assuming, arguendo, that plaintiffs suffered any damages, the alleged damages were caused by and/or were contributed to by plaintiffs' own acts or failure to act.

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that even assuming, arguendo, that plaintiffs suffered any damages, plaintiff failed to mitigate her alleged damages and any losses allegedly incurred by plaintiffs must be reduced by any and all amounts that he earned or could have earned in mitigation thereof.

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that they do not presently know all of the facts concerning the allegations in the Complaint sufficiently to state all affirmative defenses at this time, and reserve the right to seek leave to amend this Answer should it later discover facts to support additional affirmative defenses.

AS A EIGTHTEENTH AFFIRMATIVE DEFENSE, plaintiffs seeks to compel physical alterations to a legally constructed structure. Plaintiffs' claims under the Unruh Act are barred by statutory provisions of Civil Code sections 51 and 52 which exclude requirements to effect construction alteration, repair or modification.

AS A NINETEENTH AFFIRMATIVE DEFENSE, plaintiffs' proposed accommodations or alteration would create an undue hardship for the business.

AS A TWENTY AFFIRMATIVE DEFENSE, the accommodation or alteration requested by plaintiffs are not readily achievable.

AS A TWENTY-FIRST AFFIRMATIVE DEFENSE, the accommodation or alteration requested by plaintiffs are not feasible.

AS A TWENTY-SECOND AFFIRMATIVE DEFENSE, plaintiffs lack standing.

AS A TWENTY-THIRD AFFIRMATIVE DEFENSE, the complaint does not state facts sufficient to state a claim for punitive or treble damages.

**PRAYER FOR RELIEF**

WHEREFORE, DEFENDANTS PRAY AS FOLLOWS:

1. That plaintiffs take nothing by way of this First Amended Complaint;

2. That the First Amended Complaint and every cause of action therein be dismissed in its entirety;

3. That defendants be awarded its costs and attorney's fees; and

//

4. For such other relief as the Court may deem proper and just.

Dated: February 19, 2019

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _____

David V. Roth
Arthur Khurin
Attorneys for Defendants,
Attorneys for MACY'S WEST STORES, INC. (erroneously sued herein as MACY'S CALIFORNIA, INC.) and SIMON PROPERTY GROUP, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One California Street, Suite 900, San Francisco, CA 94111.

On the date set forth below, I served true copies of the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Francisco, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 19, 2019, at San Francisco, California.

Diana Norton

**SERVICE LIST**
**Zales v. Simon Property Group, Inc., et al.**
**5:18-CV-06403**

| | |
|---|---|
| Lew Van Blois, Esq.<br>Michael Gatto, Esq.<br>VAN BLOIS & ASSOCIATES<br>7677 Oakport Street, Suite 565<br>Oakland, CA 94621<br>Tel: (510) 635-1284<br>Fax: (510) 635-1516 | Attorney for Plaintiffs<br>PATRICIA AND PETER ZALES |
| Steven L. Derby, Esq.<br>Anthony E. Goldsmith, Esq.<br>DERBY McGUINNESS & GOLDSMITH LLP<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>Tel: (510) 987-8778<br>Fax: (510) 359-4419<br>Email: info@dmglawfirm.com | Attorney for Plaintiffs<br>PATRICIA AND PETER ZALES |