1  David V. Roth (State Bar No. 194648)
     *dvr@manningllp.com*
2  Arthur Khurin (State Bar No. 305421)
     *axk@manningllp.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  One California Street, Suite 900
   San Francisco, California 94111
5  Telephone: (415) 217-6990
   Facsimile: (415) 217-6999
6
   Attorneys for MACY'S WEST STORES, INC.
7  (erroneously sued herein as MACY'S
   CALIFORNIA, INC.) and SIMON PROPERTY
8  GROUP, INC.

9              **UNITED STATES DISTRICT COURT**

10    **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12  PATRICIA ZALES and PETER ZALES,          Case No. 18-cv-06403-NC

13              Plaintiffs,                   Hon. Judge Nathanael M. Cousins

14       v.                                   **DEFENDANTS' ANSWER TO**
                                              **PLAINTIFFS' FIRST AMENDED**
15  SIMON PROPERTY GROUP, INC. a             **COMPLAINT**
    Delaware Corporation; MACY'S
16  CALIFORNIA, INC. a Delaware Corporation
    and DOES 1-100, Inclusive,
17
                Defendants.
18

19       Defendants MACY'S CALIFORNIA, INC. (erroneously sued herein as MACY'S

20  CALIFORNIA, INC.), SIMON PROPERTY GROUP, INC., SPG CENTER, LLC, and MACY'S

21  WEST STORES, INC. ("defendants")  respond to Plaintiffs' PATRICIA ZALES and PETER

22  ZALES ("plaintiffs") First Amended Complaint for Damages and Injunctive Relief filed on

23  January 28, 2019 as follows:

24                              **INTRODUCTION**

25       1.     Answering Paragraph 1 of plaintiffs' First Amended Complaint, defendants admit

26  that Macy's Department Store is located at 300 Stanford Shopping Center in Palo Alto, California,

27  but denies that plaintiffs have stated any claim for relief and denies that plaintiffs are entitled to

28  any type of relief.

2.    Answering Paragraph 2 of plaintiffs' First Amended Complaint, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis denies them.

3.    Answering Paragraph 3 of plaintiffs' First Amended Complaint, defendants admit that plaintiffs are seeking injunctive relief, recovery of damages for both the personal injuries she incurred and the violation of her civil rights, and recovery of reasonable attorney's fees, litigation expenses, and costs, but deny that plaintiffs are entitled to any type of relief.  Except as so stated, Defendants deny each and every one of the remaining allegations in the paragraph.

### JURISDICTION AND VENUE

4.    Answering Paragraph 4 of plaintiffs' First Amended Complaint, defendants admits that this Court has subject matter jurisdiction of this action, pursuant to: (a) 28 USC section 1331, but deny that defendants violated the American with Disabilities Act of 1990.  Defendants admit that this court has subject matter jurisdiction pursuant to 42 U.S.C. sections 12101 et seq. Defendants admit that this court has subject matter jurisdiction over plaintiffs' claim for declaratory or injunctive relief pursuant to the ADA, 28 U.S.C section 1391(c)(2).  Except as so stated, Defendants deny each and every one of the remaining allegations in the paragraph.

5.    Answering Paragraph 5 of plaintiffs' First Amended Complaint, defendants admit venue is proper in this Court, but defendants deny each and every one of the remaining allegations in the paragraph.

### PARTIES

6.    Answering Paragraph 6 of plaintiffs' First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in said paragraph, and on that basis, denies each and every remaining allegation contained therein.

7.    Answering Paragraph 7 of plaintiffs' First Amended Complaint, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in said paragraph, and on that basis, denies each and every allegation contained therein.

Case No. 18-cv-06403-NC

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

8.      Answering Paragraph 8 of plaintiffs' First Amended Complaint, defendants admit that Simon Property Group, Inc. is a Delaware Corporation, but deny that it is the owner and operator of the Stanford Shopping Center located at 660 Stanford Shopping Center in Palo Alto, California.  Defendants admit that SPG Center, LLC is a Delaware limited liability company and owns the improvements and operates the Stanford Shopping Center located at 660 Stanford Shopping Center in Palo Alto, California.

9.      Answering Paragraph 9 of plaintiffs' First Amended Complaint, defendants deny that Macy's California, Inc. is a Delaware Corporation which is the owner operator of the Macy's Department Store in the Stanford Shopping Center, located at 300 Stanford Shopping Center in Palo Alto.  Defendants admit that Macy's West Stores, Inc. is a Delaware Corporation which is the owner operator of the Macy's Department Store in the Stanford Shopping Center, located at 300 Stanford Shopping Center in Palo Alto, California.  Defendants deny that Macy's California, Inc. and Macy's West Stores, Inc. are tenants of Simon Property Group, Inc., with respect to either of the Macy's Department Stores in Stanford Shopping Center, but admit that Macy's West Stores, Inc. is a tenant of SPG Center, LLC.

10.      Answering Paragraph 10 of plaintiffs' First Amended Complaint, defendants admit that plaintiffs purport potential Doe defendants.

11.      Answering Paragraph 11 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained herein.

12.      Answering Paragraph 12 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained herein.

13.      Answering Paragraph 13 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained herein.

14.      Answering Paragraph 14 of plaintiffs' First Amended Complaint, defendants deny

Case No. 18-cv-06403-NC

DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    each and every one of the allegations contained herein.

2        15.      Answering Paragraph 15 of plaintiffs' First Amended Complaint, defendants admit

3    that plaintiff in the complaint pleaded Rule 8(d)(2) of the Federal Rules of Civil Procedure, but

4    deny that plaintiffs are entitled to such relief.  Defendants deny the remaining allegations in this

5    paragraph.

6
7                              **BASIS FOR COMPLAINT**

8        16.      Answering Paragraph 16 of plaintiffs' First Amended Complaint, defendants are

9    without information or knowledge sufficient to form a belief as to the truth of the allegations of

10   paragraph 16, and on that basis denies them.

11       17.      Answering Paragraph 17 of plaintiffs' First Amended Complaint, defendants are

12   without information or knowledge sufficient to form a belief as to the truth of the allegations of

13   paragraph 17, and on that basis deny them.

14
15       18.      Answering Paragraph 18 of plaintiffs' First Amended Complaint, defendants admit

16   that the door was replaced.

17       19.      Answering Paragraph 19 of plaintiffs' First Amended Complaint, defendants are

18   without information or knowledge sufficient to form a belief as to the truth of the allegations of

19   paragraph 19, and on that basis deny them.

20       20.      Answering Paragraph 20 of plaintiffs' First Amended Complaint, defendants are

21   without information or knowledge sufficient to form a belief as to the truth of the allegations of

22
23   paragraph 20, and on that basis deny them.

24       21.      Answering Paragraph 21 of plaintiffs' First Amended Complaint, defendants are

25   without information or knowledge sufficient to form a belief as to the truth of the allegations of

26   paragraph 21, and on that basis deny them.

27       22.      Answering Paragraph 22 of plaintiffs' First Amended Complaint, defendants are

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  without information or knowledge sufficient to form a belief as to the truth of the allegations of

2  paragraph 22, and on that basis deny them.

3      23.    Answering Paragraph 23 of plaintiffs' First Amended Complaint, defendants are

4  without information or knowledge sufficient to form a belief as to the truth of the allegations of

5  paragraph 23, and on that basis deny them.

6      24.    Answering Paragraph 24 of plaintiffs' First Amended Complaint, defendants are

7  without information or knowledge sufficient to form a belief as to the truth of the allegations of

8  paragraph 24, and on that basis deny them.

9      25.    Answering Paragraph 25 of plaintiffs' First Amended Complaint, defendants are

10  without information or knowledge sufficient to form a belief as to the truth of the allegations of

11  paragraph 25, and on that basis denies them.

12      26.    Answering Paragraph 26 of the plaintiffs' First Amended Complaint, defendants

13  deny each and every one of the allegations contained therein.

14      27.    Answering Paragraph 27 of plaintiffs' First Amended Complaint, defendants are

15  without information or knowledge sufficient to form a belief as to the truth of the allegations of

16  paragraph 27, and on that basis deny them.  Defendants admit that plaintiffs are seeking to recover

17  and damages and penalties under California Civil Code Sections 51 and 54.1, California Code of

18  Civil Procedure Section 1021.5 and the California and United States statutes, codes, and common

19  law, but deny that plaintiffs are entitled to such relief.

## ANSWER TO FIRST CAUSE OF ACTION

### (Discriminatory Practices in Public Accommodations; Violation of the Americans with Disabilities Act of 1990)

28.    Defendants reincorporate their response by reference to the responses set forth in the remainder of its answers.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

29.     Answering Paragraph 28 of the plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and 42 U.S.C. section 12181(7), 42 U.S.C. sections 12182(a), 12182(b)(1)(A), 12182(b)(2)(A)(iv), 12182(b)(2)(A)(v), 12182(b)(2)(A)(iii), 12183 and 12188 speak for itself.

30.     Answering Paragraph 29 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 29, and on that basis deny them.

31.     Answering Paragraph 30 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and 42 U.S.C. section 12182(b)(2)(A) speaks for itself.

32.     Answering Paragraph 31 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and 42 U.S.C. section 12182(b)(2)(A)(v) speaks for itself.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of the remaining portions of paragraph 31, and on that basis deny them.

33.     Answering Paragraph 32 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and 42 U.S.C. section 12182(b)(2)(A)(ii) speaks for itself.

34.     Answering Paragraph 33 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

35.     Answering Paragraph 34 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and 42 U.S.C. section 12183(a)(1), 42 U.S.C. section 12183(a)(2), and 28 C.F.R. Part 36 speak for itself.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph

1  34, and on that basis deny them.

2      36.     Answering Paragraph 35 of plaintiffs' First Amended Complaint, defendants are

3  without information or knowledge sufficient to form a belief as to the truth of the allegations of

4  the portions of paragraph 35, and on that basis denies them.  Defendants deny that plaintiffs are

5  entitled to any type of relief.

6

7              **ANSWER TO SECOND CAUSE OF ACTION**

8  **(Denial of Full and Equal Access in Violation of California Civil Code Section 54 and 54.1)**

9      37.     Defendants reincorporate their response by reference to the responses set forth in

10 the remainder of its answers.

11     38.     Answering Paragraph 36 of plaintiffs' First Amended Complaint, plaintiffs are

12 merely stating legal conclusions which require no response and Sections 54 and 54.1 of the

13 California Civil Code speak for itself.

14

15     38.     Answering Paragraph 37 of plaintiffs' First Amended Complaint, plaintiffs are

16 merely stating legal conclusions which require no response and Section 54(a) of the California

17 Civil Code speaks for itself.

18     39.     Answering Paragraph 38 of plaintiffs' First Amended Complaint, plaintiffs are

19 merely stating legal conclusions which require no response and California Government Section

20 12926 speaks for itself.

21

22     40.     Answering Paragraph 39 of plaintiffs' First Amended Complaint, plaintiffs are

23 merely stating legal conclusions which require no response and Section 54(a)(1) of the California

24 Civil Code speaks for itself.

25     41.     Answering Paragraph 40 of plaintiffs' First Amended Complaint, plaintiffs are

26 merely stating legal conclusions which require no response and California Health and Safety Code

27 Section 19955 speaks for itself.

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

42.     Answering Paragraph 41 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Health and Safety Code Section 19956 speaks for itself.

43.     Answering Paragraph 42 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Health and Safety Code Section 19956 speaks for itself.

44.     Answering Paragraph 43 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 43, and on that basis deny them.

45.     Answering Paragraph 44 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and Government Code 4450, *et seq.*, speaks for itself.

46.     Answering Paragraph 45 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

47.     Answering Paragraph 46 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and Health and Safety Codes and Title 24 regulations as well as Civil Code sections 51(b), 54, and 54.1 speak for itself.

48.     Answering Paragraph 47 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and American with Disabilities Act of 1990 and California Civil Code 51(f), 54(c), and 54.1(d) speak for itself.  Defendants deny the remaining parts of the paragraph contained therein.

49.     Answering Paragraph 48 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Civil Code 54.3, and 54 speak for itself.

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

50.     Answering Paragraph 49 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

## ANSWER TO THIRD CAUSE OF ACTION

### (Section 51 of the California Civil Code)

51.     Defendants reincorporate their responses by reference to the responses set forth in the remainder of its answers.

52.     Answering Paragraph 50 of plaintiffs' First Amended Complaint, defendants deny each and every one of the allegations contained therein.

53.     Answering Paragraph 51 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Civil Code 51 speak for itself.  Defendants deny the remaining allegations contained therein.

54.     Answering Paragraph 52 of plaintiffs' First Amended Complaint, defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of the portions of paragraph 52, and on that basis deny them.

55.     Answering Paragraph 53 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Civil Code 51(b) speaks for itself.

56.     Answering Paragraph 54 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Civil Code 51(f) speaks for itself.

57.     Answering Paragraph 55 of plaintiffs' First Amended Complaint, plaintiffs are merely stating legal conclusions which require no response and California Civil Code 51(a) speaks for itself.

58.     Answering Paragraph 56 of plaintiffs' First Amended Complaint, defendants deny

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

1  each and every one of the allegations contained therein.

2  ## ANSWER TO FOURTH CAUSE OF ACTION

3  ### (Negligence Per Se – Violations of ADA and CBC)

4
5  59.    Defendants reincorporate their response by reference to the responses set forth in
the remainder of its answers.

6
7  60.    Answering Paragraph 57 of plaintiffs' First Amended Complaint, defendants deny
8  each and every one of the allegations contained therein.

9  61.    Answering Paragraph 58 of plaintiffs' First Amended Complaint, defendants are
10  without information or knowledge sufficient to form a belief as to the truth of the allegations of
11  paragraph 58, and on that basis deny them.

12  62.    Answering Paragraph 59 of plaintiffs' First Amended Complaint, defendants admit
13  that it operates the aforementioned property as a "place of public accommodations".
14

15  63.    Answering Paragraph 60 of plaintiffs' First Amended Complaint, plaintiffs are
16  merely stating legal conclusions which require no response and Title III of the American with
17  Disabilities Act, 28 C.F.R. Part 36, App. A. section 4.3.2, and the California Building Code 11B-
18  404.2.8.2 speak for itself.

19  64.    Answering Paragraph 61 of plaintiffs' First Amended Complaint, plaintiffs are
20  merely stating legal conclusions which require no response and C.C.R. Title 24, Sections 1110A.1,
21
22  28 C.F.R. Part 36, App. A., and the California Building Code 11B sections 404.2.8.2 speak for
23  itself.

24  65.    Answering Paragraph 62 of plaintiffs' First Amended Complaint, defendants deny
25  each and every one of the allegations contained therein.

26  66.    Answering Paragraph 63 of plaintiffs' First Amended Complaint, defendants deny
27  each and every one of the allegations contained therein.

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

1

**ANSWER TO FIFTH CAUSE OF ACTION**

2

**(Negligence Design and/or Construction)**

3

67.     Defendants reincorporate their response by reference to the responses set forth in

4

the remainder of its answers.

5

68.     Answering Paragraph 64 of plaintiffs' First Amended Complaint, defendants deny

6

7

each and every one of the allegations contained therein.

8

69.     Answering Paragraph 65 of plaintiffs' First Amended Complaint, defendants are

9

without information or knowledge sufficient to form a belief as to the truth of the allegations of

10

paragraph 65, and on that basis deny them.

11

70.     Answering Paragraph 66 of plaintiffs' First Amended Complaint, defendants are

12

13

without information or knowledge sufficient to form a belief as to the truth of the allegations of

paragraph 66, and on that basis deny them.

14

15

71.     Answering Paragraph 67 of plaintiffs' First Amended Complaint, defendants deny

16

each and every one of the allegations contained therein.

17

72.     Answering Paragraph 68 of plaintiffs' First Amended Complaint, defendants deny

18

each and every one of the allegations contained therein.

19

**RELIEF REQUESTED**

20

73.     Defendants deny that plaintiffs are entitled to the relief requested in Paragraphs 1

21

22

through 68 and Paragraphs A through F, inclusive, or to any relief in any manner or in any amount

23

whatsoever.

24

25

**AFFIRMATIVE DEFENSES**

26

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that

27

plaintiffs' Complaint and each cause of action therein fails to state a claim upon which relief can

28

Manning&Kass
Ellrod, Ramirez, Trester LLP

1    be granted.

2        AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege

3    that plaintiffs' causes of action are barred by the applicable statutes of limitation.

4        AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege

5    that plaintiffs failed to timely and completely exhaust the required administrative remedies under

6

7    the Americans with Disabilities Act.

8        AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege

9    that all actions or omissions taken with regard to plaintiffs were taken in good faith and for lawful,

10    nondiscriminatory business reasons.

11        AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that

12    assuming, arguendo, any employee or agent of defendants engaged in any discrimination or other

13

14    unlawful conduct toward plaintiffs, that conduct was contrary to defendants' express policies,

15    occurred outside of the scope of any employment or agency relationship, and cannot be

16    attributable to defendants.

17        AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that,

18    assuming arguendo any employee of defendants engaged in any discrimination or other unlawful

19

20    conduct toward plaintiffs, defendants neither knew nor reasonably should have known of the

21    unlawful conduct and did not authorize, ratify or consent to any unlawful conduct.

22        AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that

23    at no time did it act purposely, knowingly, deliberately, maliciously, oppressively, intentionally,

24    willfully, wantonly, with any bad faith or with conscious or reckless disregard of plaintiffs' rights.

25        AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that

26    plaintiffs' claims are barred by the equitable doctrines of unclean hands, estoppel, waiver, consent,

27    and/or laches.

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs have failed to state a claim for declaratory relief.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs have failed to state a claim for injunctive relief because plaintiffs have not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of defendants, nor is there any other threat of irreparable harm.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that it may not be liable for punitive and treble damages.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that plaintiffs have failed to state facts sufficient to state a claim for which exemplary or punitive damages or attorneys' fees may be granted under any statutory or common law provision.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that it may not be liable for any punitive or exemplary damages on the grounds that any award of punitive or exemplary damages in general and/or as applied to the facts of this specific action would violate defendants' constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege that, if plaintiffs have obtained monies from other sources as compensation for any injury alleged in his Complaint, all such monies must be set off against any damages allegedly due plaintiff by defendant, if any.

/ / /

Case No. 18-cv-06403-NC
**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

1   AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege

2   that even assuming, arguendo, that plaintiffs suffered any damages, the alleged damages were

3   caused by and/or were contributed to by plaintiffs' own acts or failure to act.

4   AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants allege

5   that even assuming, arguendo, that plaintiffs suffered any damages, plaintiff failed to mitigate her

6   alleged damages and any losses allegedly incurred by plaintiffs must be reduced by any and all

7   amounts that he earned or could have earned in mitigation thereof.

8

9   AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, defendants

10   allege that they do not presently know all of the facts concerning the allegations in the Complaint

11   sufficiently to state all affirmative defenses at this time, and reserve the right to seek leave to

12   amend this Answer should it later discover facts to support additional affirmative defenses.

13

14   AS A EIGTHTEENTH AFFIRMATIVE DEFENSE, plaintiffs seeks to compel physical

15   alterations to a legally constructed structure.  Plaintiffs' claims under the Unruh Act are barred by

16   statutory provisions of Civil Code sections 51 and 52 which exclude requirements to effect

17   construction alteration, repair or modification.

18   AS A NINETEENTH AFFIRMATIVE DEFENSE, plaintiffs' proposed accommodations

19   or alteration would create an undue hardship for the business.

20   AS A TWENTY AFFIRMATIVE DEFENSE, the accommodation or alteration requested

21   by plaintiffs are not readily achievable.

22

23   AS A TWENTY-FIRST AFFIRMATIVE DEFENSE, the accommodation or alteration

24   requested by plaintiffs are not feasible.

25   AS A TWENTY-SECOND AFFIRMATIVE DEFENSE, plaintiffs lack standing.

26   AS A TWENTY-THIRD AFFIRMATIVE DEFENSE, the complaint does not state facts

27   sufficient to state a claim for punitive or treble damages.

28

1

## PRAYER FOR RELIEF

2   WHEREFORE, DEFENDANTS PRAY AS FOLLOWS:

3   1 .      That plaintiffs take nothing by way of this First Amended Complaint;

4
    2.       That the First Amended Complaint and every cause of action therein be dismissed in its
5
    entirety;
6
7   3.       That defendants be awarded its costs and attorney's fees; and

8   4.       For such other relief as the Court may deem proper and just.

9

10  Dated: March 14,  2019                        MANNING & KASS
                                                  ELLROD, RAMIREZ, TRESTER   LLP
11

12

13

14                                               By:   _____

15
                                                       David V. Roth
16                                                     Arthur Khurin
                                                       Attorneys for Defendants,
17                                                     Attorneys for MACY'S WEST
                                                       STORES, INC. (erroneously sued
18                                                     herein as MACY'S CALIFORNIA,
                                                       INC.) and SIMON PROPERTY
19                                                     GROUP, INC.

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

3       At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One
4  California Street, Suite 900, San Francisco, CA 94111.

5       On March 14, 2019, I served true copies of the following document(s) described as
   **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on the
6  interested parties in this action as follows:

7                          **SEE ATTACHED SERVICE LIST**

8       **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the
   document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case
9  who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case
   who are not registered CM/ECF users will be served by mail or by other means permitted by the
10 court rules.

11      I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

12
      Executed on March 14, 2019, at San Francisco, California.
13

14

15                                        Diana Norton

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**
**Zales v. Simon Property Group, Inc., et al.**

2

**5:18-CV-06403**

3   Lew Van Blois, Esq.                          Attorney for Plaintiffs
    Michael Gatto, Esq.                          PATRICIA AND PETER ZALES

4   VAN BLOIS & ASSOCIATES
    7677 Oakport Street, Suite 565

5   Oakland, CA 94621
    Tel: (510) 635-1284

6   Fax: (510) 635-1516

7

    Steven L. Derby, Esq.                        Attorney for Plaintiffs

8   DERBY McGUINNESS & GOLDSMITH LLP             PATRICIA AND PETER ZALES
    300 Lakeside Drive, Suite 1000

9   Oakland, CA 94612
    Tel: (510) 987-8778

10  Fax: (510) 359-4419
    Email: info@dmglawfirm.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28