Lew Van Blois, Esq. (SBN 38912)
Michael Gatto, Esq. (SBN 196474)
VAN BLOIS & ASSOCIATES
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: (510) 635-1284
Facsimile: (510) 635-1516

STEVEN L. DERBY, Esq. (SBN 148372)
DERBY, McGUINNESS & GOLDSMITH, LLP
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 987-8778 (tel)
(510) 359-4419 (fax)
info@dmglawfirm.com

Attorneys for Plaintiff
PATRICIA AND PETER ZALES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA ZALES and PETER ZALES,<br><br>Plaintiff,<br><br>v.<br><br>SIMON PROPERTY GROUP, INC., a Delaware Corporation; SPG CENTER, LLC; MACY'S CALIFORNIA, INC., a Delaware Corporation, MACY'S WEST STORES, INC. and DOES 1-100, Inclusive,<br><br>Defendants. | CASE NO.: 3:18-cv-06403-NC<br><br>Civil Rights<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF TO COMPEL SITE INSPECTION AND FOR AN EXTENSION OF TIME TO PERFORM SITE INSPECTION**<br><br>**Honorable Richard Seeborg** |

## NOTICE OF MOTION

TO THIS HONORABLE COURT:  Plaintiffs Patricia Zales and Peter Zales hereby move the Court to enforce General Order 56 by compelling Defendants SIMON PROPERTY GROUP, INC. et al., to submit to a site inspection of the premises at issue, limited to those areas of public

- 1 -

1  accommodation where plaintiffs (1) have visited or (2) could visit on future Department Store
2  visits and to extend the deadline for that site inspection. This Motion is brought under Local Rule
3  7-11 and General Order 56 and is based on the points and authorities, the accompanying
4  declaration and the docket records.

5
6                          **POINTS AND AUTHORITIES**
7      **I.   INTRODUCTION**
8          This case seeks to bring a department store into compliance with the Americans with
9  Disabilities Act and pendant state law.  Despite Plaintiffs' counsel's many efforts to
10 accommodate defendants' many requests for more time, (see Docket 11, 12, 15, 16) Defendants
11 have not provided for inspection which has effectively stymied this case at the beginning of the
12 GO 56 process. After a number of requests for inspection, defense counsel has only provided <u>one</u>
13 <u>date</u> to allow an inspection and has since failed to respond to further attempts for scheduling a
14 site inspection.
15         Plaintiffs' request that the Court order Defendants to permit an inspection within the next
16 thirty (30) days to include those public areas where Plaintiffs (1) have visited or (2) could visit
17 on future Department Store visit.  Plaintiffs' also asks the court to extend its previous deadline to
18 perform a joint site inspection for thirty (30) days past the filing of its Order on this Motion.
19
20     **II.  STATEMENT OF FACTS AND OF THE CASE**
21         Plaintiff' Patricia Zales is a person with a disability as defined in 42 U.S.C. § 12102, 29
22 U.S.C. § 705(9)(B) and California Government Code § 12926(l).  Plaintiff PATRICIA ZALES was
23 and is a "person with a disability" or "physically handicapped person," who is mobility impaired and
24 unable to safely use portions of walkways, sidewalks, doors, and other public facilities that are not
25 fully accessible to physically disabled persons.
26         On April 30, 2018, Plaintiff was struck by an entrance door at Macy's. Plaintiff was pushed
27 forward, fell and suffered serious personal injuries, including a fractured hip that required surgical
28

repair. Additionally, Plaintiff investigation has revealed are other inaccessible facilities, features, elements, and conditions on or near Stanford Shopping Center, located at 660 Stanford Shopping Center, Palo Alto, California, in violation of State and federal law, all of which prevent Plaintiffs from returning there.

The Complaint in this matter was filed on October 19, 2018. Docket 1. Upon filing, the Court set a General Order 56 schedule. Docket 3. The deadline originally set for the site inspection was February 1, 2019. *Id.* On November 21, 2018, the parties filed a Stipulation to extend the deadline to respond to complaint until December 14, 2018. On December 14, 2018, the parties filed a second Stipulation to extend the deadline to respond to complaint until December 28, 2018. On December 27, 2018, the parties filed a third Stipulation to extend the deadline to respond to complaint until January 4, 2019. At all times, stipulations to extend time to respond to complaint were agreed to by Plaintiff with the express condition that the "Stipulation is not entered into for purposes of delay and this Stipulation will not change or alter the date of any event or any deadline already fixed by court order." See Docket 11, 12, 15.

CT Corp Systems declined to accept service for Macy's in a letter dated November 2, 2018. Simon Property Group's counsel was asked to assist with servicing Macy's but counsel declined as they did not have contact with Macy's. Plaintiffs were contacted through counsel on December 19, 2018 by counsel for Macy's. Counsel for Macy's agreed to accept service by Notice and Waiver of Summons which Plaintiff's counsel prepared and sent on December 20, 2018.

On January 4, 2019, Counsel for Simon Property Group apologized for the "late notice" and stated that Plaintiffs to name SPG Center as a defendant and dismiss the claim against Simon Property Group. Counsel for Plaintiffs agreed to amend the complaint to add SPG Center as a defendant but declined to dismiss the claim against Simon Property Group, (**Derby Decl. Exhibit A**).

The parties filed a further Stipulation to extend the deadline to respond to complaint until January 16, 2019. See Docket 16. Simon Property Group filed a Motion to Dismiss on January 17, 2019, (Docket 17) which was after the deadline of January 16, 2019, to respond to complaint

- 3 -

per the last stipulated extension. Based upon Simon Property Group's Declination to Proceed Before a Magistrate, the case was reassigned to Judge Seeborg and all dates taken off calendar. See Docket 22.

Plaintiffs filed an Amended Complaint on January 28, 2019 naming SPG Center as an additional Defendant in this matter. (Docket 23) Simon Property Group sought and received an order of substitution of Attorney on February 8, 2019. (Docket 32) Counsel for Plaintiffs spoke with the new attorney of record for both Simon Property Group and Macy's following receipt of notice of Substitution of Attorney. New counsel for defendants agreed to provide dates for joint inspection. Counsel for Defendants' filed Macy's Answer to Complaint on February 20, 2019. Unfortunately, counsel for plaintiff had a conflict with the only date, (March 26, 2019), that was suggested for a site inspection by defense counsel. Having been promised more dates since February 21, 2019, (see **Derby Decl. Exhibit B**) Plaintiffs made an additional request for dates to conduct a site inspection on March 13, 2019. To date, counsel for Plaintiffs have not received a response to multiple requests for site inspection. See **Derby Decl. Exhibit C**

Defendants have repeatedly delayed this case and have effectively stymied Plaintiffs' efforts to move this case to resolution through the GO 56 process. For five months, Defendants have repeatedly refused to identify possible dates or times for an inspection of the subject premises as required under the General Order 56 and the Court's scheduling order. As such, Plaintiffs' believe that seeking a stipulation under Rule 7-11(a) would be futile.

**III.   ARGUMENT**

The purpose of General Order 56 is to facilitate early and cooperative settlement of ADA cases. General Order 56 is "a process for streamlining the resolution of ADA access suits so that violations of the ADA can be remediated expeditiously while minimizing any applicable attorney's fees and damages." *Connally v. Bayport Marina Plaza LLC*, 2007 WL 2900511 (N.D. Cal. Oct. 2, 2007). To that end, General Order 56 requires the parties to engage in a very specific order of litigation: exchange Rule 26 Initial Disclosures (¶ 2), engage in a site inspection

- 4 -

PLAINTIFFS' MOTION TO
COMPEL SITE INSPECTION AND FOR AN EXTENSION TO PERFORM SITE INSPECTION
CASE NO. 3:18-cv-06403-NC            \\EgnyteDrive\dmglawfirm\Shared\Active Cases\Zales, Patricia and Peter\Pleadings\Compel Site Inspection\2019 03 19 Motion to Compel Site Inspection and For Extension of Deadline to Perform Site Inspection.docx

(¶ 3), settle injunctive relief (¶ 4), and then settle damages (¶¶ 2, 6), and attorney fees (¶ 6) using a formal mediation if necessary (¶ 7).

In *Doran v. 7-Eleven, Inc.* the Ninth Circuit made it clear that a plaintiff with a disability can challenge each and every barrier to access at a facility in a single lawsuit to the extent that barrier affects his disability 534 F. 3d. 1034 (9th Cir. 2005). The purpose is to prevent a multiplicity of lawsuits and provide certainly both to the disabled person and to owners and operators of public accommodations that the facility is accessible. *Id* at *1046-1047 The court specifically noted that the identification of barriers contemplates the involvement of an expert's report following a site inspection. *Id.* at *1041.

Plaintiffs' efforts over the last five months have been met with considerable resistance by the defense. Defendants have demonstrated through their lack of cooperation that they will not allow a Site Inspection unless the court orders it. Plaintiffs' asks that the Court do so and after doing so extend the deadline to perform that cooperative joint site inspection an additional thirty (30) days from the date of the court's order granting this motion.

## IV.    CONCLUSION

For the foregoing reasons Plaintiffs' respectfully request that the Court order Defendants to comply with General Order 56 by permitting a joint site inspection of all areas where plaintiffs' (1) visited during her April 30, 2018 visit to Macy's Department Store or (2) could visit on future visits. Plaintiffs' also request that the Court extend its deadline to perform such inspection thirty (30) days past the date of its Order.

Date: March 27, 2019            DERBY, McGUINNESS & GOLDSMITH, LLP

By: */s/ Steven L. Derby*
STEVEN L. DERBY, ESQ.
Attorneys for Plaintiffs'
PATRICIA ZALES
PETER ZALES

- 5 -

PLAINTIFFS' MOTION TO
COMPEL SITE INSPECTION AND FOR AN EXTENSION TO PERFORM SITE INSPECTION
CASE NO. 3:18-cv-06403-NC        \\EgnyteDrive\dmglawfirm\Shared\Active Cases\Zales, Patricia and Peter\Pleadings\Compel Site Inspection\2019 03 19 Motion to Compel Site Inspection and For Extension of Deadline to Perform Site Inspection.docx